**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Wostrel, | No. CV-22-00312-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion for reconsideration of the Court's March 1, 2023 order.[1] (Doc. 77.) Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g). Further, the motion must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order." *Id.* Finally, "[n]o motion for reconsideration . . . may repeat any oral or written argument made by the movant in support of or in opposition to

---

[1] Plaintiffs' motion for leave to file a reply to Defendants' response brief (Doc. 85) is denied. Local Rule of Civil Procedure 7.2(g) does not authorize a reply without leave of Court and, here, the Court does not find Plaintiffs' proposed reply necessary or helpful.

the motion that resulted in the Order." *Id.* The Court may deny a motion for reconsideration if it fails to comply with these rules. *Id.*

First, Plaintiff Aaron Wostrel seeks reconsideration of the Court's dismissal of claims I-IV, VIII-XI, and XIII (all arising under § 1983) on statute of limitations grounds by pointing to two allegations falling within the limitations period. But those two allegations relate to defendants who were dismissed on other, independent grounds. The first allegation concerns the dependency petition filed by Defendant Wright on March 24, 2020.[2] The Court found that guardian ad litem immunity applied to this action taken by Wright, and Wostrel does not ask the Court to reconsider this finding. (Doc. 75 at 6-7.) The second allegation concerns DCS's return of the minor Plaintiffs to Wostrel on April 14, 2020. But before even addressing the statute of limitations argument, the Court found that a § 1983 claim cannot be maintained against DCS. (Doc. 75 at 10.) Wostrel therefore has not shown reconsideration is warranted because the only two actions he identifies as having occurred within the limitations period relate to defendants against whom the claims were dismissed for reasons other than untimeliness.

Second, the Court agrees with minor Plaintiffs that their federal law claims are timely. Minor Plaintiffs' claims accrued when they filed the complaint, by virtue of their legal disability under A.R.S. § 12-502. (Doc. 75 at 11.) The Court grants the motion for reconsideration on minor Plaintiff's federal law claims.

Third, the notice of claim argument with respect to the minor Plaintiffs. The Court erred in dismissing claims against Kelly and Faust on notice of claim grounds. Both defendants were served with notice of claim. As to the remaining claims and defendants subject to the notice of claim requirement, minor Plaintiffs reprise their argument that legal disability tolls the notice of claim requirement, an argument the Court already rejected. (Doc. 75 at 11.)

Even so, minor Plaintiffs argue in the alternative that, because no discovery had yet been conducted, the Court rendered no adjudication on the merits and thus dismissal with

---

[2] The Court notes that the dependency petition applies only to claims XII and XVIII, which were not a part of the cluster of federal law claims dismissed for untimeliness.

prejudice was improper. (Doc. 77 at 6.) But this argument wrongly assumes that a dismissal that does not adjudicate on the merits must be without prejudice. *Crick v. City of Globe*, 606 F. Supp. 3d 912, 918-19 (D. Ariz. 2022) (collecting cases). Relief is not warranted on the notice of claim argument, save for Defendants Kelly and Faust who, as noted above, were served properly under the notice of claim statute. At any rate, failure to comply with the notice of claim statute forecloses a claim, rendering it statutorily barred and thus subject to dismissal with prejudice under Federal Rule of Civil Procedure 12(b)(6). *Jones-Esposito v. Bishop*, No. 1 CA-CV 20-0434, 2021 WL 2461861, at *2 (Ariz. Ct. App. June 17, 2021) ("Because [Plaintiff's] claim against [Defendant] is statutorily barred under [the notice of claim statute], the court properly dismissed the allegations against her with prejudice.").

**IT IS ORDERED** that Plaintiffs' motion for reconsideration (Doc. 77) is granted in part as follows:

1. Minor Plaintiffs' federal law claims were erroneously dismissed on timeliness grounds and are thus reinstated.
2. Minor Plaintiffs' state law claims against Defendants Kelly and Faust were erroneously dismissed on notice of claim grounds and are thus reinstated.
3. Plaintiffs' motion for reconsideration is otherwise denied.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file a reply (Doc. 85) is **DENIED**.

Dated this 19th day of April, 2023.

Douglas L. Rayes
United States District Judge