Kristin K. Mayes
Attorney General

Michael R. Niederbaumer (#031931)
Stephanie Elliott (#030872)
Thomas E. Young (#036934)
Assistant Attorneys General
2005 North Central Avenue
Phoenix, Arizona  85004-1592
Telephone:  (602) 542-8346
Telephone: (602) 542-7699
Telephone: (602) 542-7641
Fax:  (602) 542-3393
DefensePhx@azag.gov
Michael.Niederbaumer@azag.gov
Stephanie.Elliott@azag.gov
Thomas.Young@azag.gov

*Attorneys for State Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Aaron Wostrel, et al.<br><br>Plaintiffs,<br><br>v.<br><br>State of Arizona, et al.<br><br>Defendants. | Case No.  2:22-cv-00312-PHX-DLR<br><br>**JOINT MOTION FOR PROTECTIVE ORDER TO ALLOW LIMITED DISCLOSURE OF CONFIDENTIAL RECORDS** |

Plaintiffs are Aaron Wostrel and his three minor children.  They allege state law and federal constitutional claims against the State of Arizona, Arizona Department of Child Safety ("DCS"), and DCS employees Amber Gattie, Cheryl Kelly, Paulinus Obika, and Jennifer Alexander, for taking custody of the minor children from the minor children's mother and placing them in a kinship placement (foster placement) with their maternal grandfather and his wife. Plaintiffs contend that defendants' then unjustifiably sought to declare the children dependent as to their father and unduly delayed the return of the children to his care and custody. Plaintiffs also sued Walter and Jodi Lay, the maternal grandfather and his wife for intentional infliction of emotional distress while

fostering the children. Additionally, Plaintiffs have sued Bonnie Platter, a former Assistant Attorney General, who prosecuted the dependency action in Maricopa County Juvenile Court where the welfare and custody of the minor Plaintiffs were at issue.

State Defendants contend that the state laws and rules of procedure cited herein require confidential treatment by this Court and the parties here for the disclosure and use here of all DCS records and records disclosed or filed in the juvenile proceeding. Though Plaintiffs do not agree to the full extent of State Defendants' position, they nonetheless join this Joint Motion while reserving the right to assert, as appropriate to any disclosures later made under the proposed Protective Order, any objections or exceptions to the confidential treatment of such records pursuant to any applicable federal law.

The parties jointly move for a protective order under Rule 26(c), Fed. R. Civ. P., to allow the limited disclosure of confidential DCS records concerning the minor children's biological mother, Sheila Lay; their father, Aaron Wostrel; their biological grandfather, Walther Lay, and the minor children. Most of these DCS records will be found under the mother's name, Sheila Lay. Maricopa County Juvenile Court case number, JD33765, also may contain relevant information to the claims and defenses in this action since some of Plaintiffs' alleged claims arise out the juvenile proceedings. Should the parties obtain an order from the Juvenile Court to obtain its records and evidence, the parties also move here for their limited disclosure because of their confidential status. The parties seek disclosure of the DCS and Juvenile Court records concerning Plaintiff Aaron Wostrel and his minor children, and mother of the children while fencing from release the identities and personally identifying information of minors and certain non-parties to the public or other third parties not directly involved in the litigation.

A.   **The Parties Cannot Exchange Confidential DCS and Juvenile Court Records without a Protective Order.**

Relevant information, records, and references pertaining to Plaintiff Aaron Wostrel, his minor children, the minor children's foster placement, and the minor children's mother are contained in DCS files and the minor children's juvenile dependency files maintained by DCS. Additionally, Arizona Juvenile Court filings and evidence in the dependency action may contain factual material and legal findings regarding the minor children's dependency relevant to this civil action. Pursuant to A.R.S. § 8-807, all DCS records are designated confidential, as required under federal law. *See* 42 U.S.C.A. §5106a(b)(2)(B). The Juvenile Court filings and records in the dependency proceedings out of which this civil suit arises are also designated confidential. Juv. Ct. R. Proc. Rule 313. Therefore, the documents and information that are part of the DCS records such as Plaintiff Aaron Wostrel's DCS file, the minor children's juvenile dependency files, files regarding the foster placement with maternal grandfather, and juvenile court records and evidence are confidential by law.

While a person who is the subject of DCS records is entitled to receive specific DCS records about himself or herself, A.R.S. § 8-807(E), he or she "may not waive the confidentiality of DCS information concerning any other person." A.R.S. § 8-807(Q). Wrongful disclosure of these DCS records is a misdemeanor. A.R.S. § 8-807(U). Additionally, A.R.S. § 8-807(P) states that if DCS receives information that is confidential by law, it "shall maintain the confidentiality of information as prescribed in the applicable law." Here, it is possible that there are medical and psychological records and information relevant to Plaintiff Aaron Wostrel and his minor children in connection with DCS taking custody of the children, filing a dependency petition, and placing them with maternal grandfather. Such records are contained within the DCS records, juvenile court records and filings, and records regarding the foster placement with maternal grandparents. The Health Insurance Portability and Accountability Act ("HIPAA"), 42 C.F.R. § 2.64(d), 45 C.F.R. §§ 164.502 and 164.512(E), and A.R.S. §§ 12-2235, 12-2292, 12-2294(A), all protect the confidentiality of health information and health-related

information connected to DCS' decisions made with respect to the children's custody and care in this case.

**B.  The Court May Order Limited Disclosure of these Confidential Records and Information.**

Federal Rule of Civil Procedure 26(c), however, permits the disclosure of all non-privileged information in a civil suit that is relevant and proportional to the needs of Plaintiffs' claims and Defendants' defenses. The statutes and rules designating the above information as confidential also recognize that a court in a civil action may enter a protective order allowing disclosure of the confidential information in a manner that balances the needs of the litigation, public court filings, and the confidentiality interests at stake. The Health Insurance Portability and Accountability Act (HIPAA) allows disclosure of a person's protected health information upon their consent, but also pursuant to a court order without patient authorization for litigation. 45 C.F.R. § 164.512(e)(1)(i). Juv. Ct. R. Proc. Rule 313(a)(1)(F) allows for the disclosure of juvenile court records under court order. A.R.S. § 8-807(K)-M) permits courts to order the release of DCS information for litigation purposes. Thus, the parties seek a protective order that permits a limited disclosure of DCS records sufficient to support their respective claims and defenses.

**C.  The Parties Agree Limited Disclosure in this Lawsuit Is Necessary.**

Plaintiff Aaron Wostrel and the minor children have sought disclosures of documents contained in the above-referenced DCS records and juvenile court records regarding Plaintiff Aaron Wostrel and the minor children in connection with DCS taking custody of the children, the juvenile dependency action, and the foster care of the children. Similarly, Defendants require the ability to refer to those records for their defenses along with the related juvenile court records. Information contained in the described records may be relevant to the parties' actions, potential witnesses, factual issues in dispute, and may reasonably lead to the discovery of other relevant evidence.

The parties to the action could be prejudiced if these records are not released to assist them in preparing their cases.

**D.     Proposed Limitations and Conditions on Disclosure.**

Based on the foregoing, the parties agree that disclosure of the above-referenced records is necessary to this litigation, and they enter the following stipulation in order to allow the limited release and disclosure of the above-referenced DCS records and information:

1. The parties agree that the proposed protective order authorizes attorneys for the parties to disclose to each other copies of DCS and/or juvenile court records related to Plaintiff Aaron Wostrel and his minor children that are otherwise non-privileged and relevant to any party's claim or defense and proportional to the needs of the case. To the extent these records consist of the children's juvenile dependency records, juvenile court filings, school records, medical records, psychological records, placement with maternal grandparents, and/or any other private information, Plaintiffs consent to the release of this otherwise protected information as between the parties' attorneys to this litigation.

2. These records may be disclosed and produced in a substantially un-redacted form that includes names and other personally identifiable information of individuals who may have relevant information about the issues in dispute in this case. However, the disclosing party will redact social security numbers and other similar highly sensitive information that is easily susceptible to abuse and not typically necessary or helpful to prepare for litigation, including but not limited to, information that Fed. R. Civ. P. 5.2(a) requires to be redacted before filing, such as social security numbers and financial account numbers.

3. In the event a non-party individual has reported evidence that a party may have engaged in abuse and neglect of a child, and there is a reasonable basis to believe that the party may physically retaliate against the individual or their property, the individual's name and personally identifiable information may be withheld by redacting

the information until such time as the parties or the court can resolve whether the identity of the individual party should be disclosed or limited to attorneys' eyes only.

4.     The parties agree that the proposed protective order authorizes attorneys for the parties to disclose only to each other copies of DCS records related to the employment of individual defendants employed during the relevant times identified in the operative complaint, including personnel files. To the extent these records are relevant and proportional to the needs of the case; they may be disclosed and produced in a substantially un-redacted form. However, personnel files often identify the identities and personal information of the employee's family members and other third-party friends and acquaintances that may be redacted where the information is plainly irrelevant and not proportional to the needs of the case. The disclosing party, in all cases, may redact social security numbers, financial information and other similar highly sensitive information that is easily susceptible to abuse and not typically necessary or helpful to prepare for litigation.

5.     The parties agree that everyone to whom the above information is disclosed will limit its use strictly to what is reasonably necessary to prepare or resolve this case. They shall share it only with attorneys, experts and support staff, court and video recorders, claims adjusters, and managers who require the information to perform their specific function in litigating this case. This limitation applies not only to the sharing of actual documents and records but also to any written or oral communication about the confidential content of such document or record. Confidential information in court filings, attached exhibits, deposition transcripts, declarations, affidavits or evidentiary hearings is also subject to this limitation unless otherwise ordered by the Court.

6.     Parties that hire a consulting or testifying expert for this case shall provide each a copy of this order and each expert shall sign a non-disclosure agreement subjecting them to this protective order and the consequences of its violation in a form substantially similar to that attached as Exhibit 1 to the proposed order filed herewith.

The parties shall inform any person hired to record testimony that the testimony may contain information under this protective order and shall disclose the recorded testimony only to the attorneys representing the parties in this case.

7. The parties stipulate that the chief objects of the protective order are to shield the identities of minor children from public disclosure and in some cases other innocent third parties that would suffer a credible threat to their person or an unwarranted embarrassment or invasion of privacy from the disclosure of their identities and personally identifiable private information.

8. The parties agree that if confidential information is identified or otherwise referred to in court filings, such as pleadings, motions and attached exhibits, they will: (1) move under Local Rule of Civil Procedure 5.6 for the Court's permission to publically file any confidential and personally identifiable information with redactions to real names and superimposing initialized pseudonyms over the redacted names; and (2) file under seal un-redacted versions of those filings and exhibits. For example, in court filings, the minor Plaintiffs in this case shall be referred to by the initialized pseudonyms S.W., B.W., and C.W.

9. The parties agree that any and all information, records or files released in discovery shall remain confidential within this litigation and cannot be used for any purpose other than defending or prosecuting the claims in this lawsuit. The foregoing does not prohibit any party from complying with lawful orders issued by courts of competent jurisdiction and complying with applicable laws including A.R.S. §§ 39-121, *et seq.,* where disclosure is otherwise lawful.

10. The parties agree that any party may make reasonable objections to the disclosure of information that are permitted under court rules, statutes, or legal doctrines providing for the non-disclosure of certain information or may challenge the withholding of such information. The parties may move for an additional or modified protective order.

11. The parties agree that upon completion of the litigation and passage of the time for an appeal, the party receiving confidential information pursuant to this agreement shall destroy the records at the sole expense of the party receiving said records and in no event shall ever disclose the substance of any confidential information without specific authorization from the court. The attorneys for a party may maintain possession of some confidential information to meet record keeping requirements but will continue to be bound by the terms of this protective order.

12. The parties agree that notwithstanding anything to the contrary herein, any document or information containing the personally identifiable information of minor children or third parties who reported abuse or neglect of the minor children or are wholly irrelevant to this suit shall enter the public domain if the Court determines it necessary to quote such information in an Order entered by the Court or if admitted during the course of a public trial.

/ / /

/ / /

### E.     Conclusion.

The parties trust that any risk that may result from releasing these records and information for the limited purpose of this litigation is minimized by this affirmative agreement and acknowledgement of everyone receiving the described records or information contained in them is of a sensitive, personal and confidential nature, and that they will protect it accordingly.

Michael R. Niederbaumer, Attorney for State Defendants has received permission from Thomas Connelly, attorney for Plaintiffs Aaron Wostrel and minor children; Scott Zerlaut, attorney for Defendants Walter and Jodi Lay; and Daniel J. O'Connor, attorney for Defendant Bonnie Platter to electronically sign their names in full agreement to this joint motion.

For these reasons and on these grounds, the parties respectfully request this Court to enter an order authorizing the disclosure and exchange of the above referenced

records as between the parties for the purpose of litigating this case under the terms stipulated, and for any other relief that the Court deems just and proper.

RESPECTFULLY SUBMITTED this 9th day of November, 2023.

Kristin K. Mayes
Attorney General

<u>s/Michael R. Niederbaumer</u>
Michael R. Niederbaumer
Stephanie Elliott
Thomas E. Young
Assistant Attorneys General
*Attorneys for State Defendants*

Mills + Woods Law PLLC

<u>s/Thomas A. Connelly (w/permission)</u>
Thomas A. Connelly
*Attorneys for Plaintiffs*

O'Connor & Dyet

<u>s/Daniel J. O'Connor (w/permission)</u>
Daniel J. O'Connor
*Attorneys for Defendant Bonnie Platter*

Shorall McGoldrick Brinkmann

<u>s/Scott M. Zerlaut (w/permission)</u>
Scott M. Zerlaut
*Attorneys for Defendants Walter and Jodi Lay*

ORIGINAL filed via CM/ECF
and a COPY e-mailed
this 9th day of November, 2023 to:

Thomas A. Connelly
Robert T. Mills
Sean A. Woods
**Mills + Woods Law PLLC**
5055 N. 12th Street, Suite 101
Phoenix, Arizona  85014
docket@millsandwoods.com
*Attorneys for Plaintiff*

Dee An Gillespie Strub
**Gillespie, Shields, Goldfarb & Taylor**
7319 N. 16th Street
Phoenix, Arizona  85020
mailroom@gillaw.com
*Attorney for Plaintiff*

Daniel J. O'Connor
**O'Connor & Dyet**
7955 S. Priest Drive
Tempe, AZ  85284
daniel.oconnor@occlaw.com
*Attorneys for Defendant Bonnie Platter*

Thomas J. Shorall, Jr.
Scott M. Zerlaut
**Shorall McGoldrick Zerlaut**
1232 E. Missouri Ave.
Phoenix, AZ  85014
tom@shorallmcgoldrick.com
scott@shorallmcgoldrick.com
firm@shorallmcgoldrick.com
*Attorneys for Defendants Walter and Jodi Lay*


s/      Katie Landreth
#11665075