# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Wostrel, | No. CV-22-00312-PHX-DLR |
|        Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| State of Arizona, et al., | |
|        Defendants. | |

The Court having reviewed the parties' Joint Motion for Protective Order to Allow the Limited Disclosure of Confidential Records maintained by the Arizona Department of Child Safety (DCS) and Maricopa County Juvenile Court (Doc. 112), which information concern Plaintiff Aaron Wostrel, his family, and minor children in connection with Plaintiffs' factual and legal claims as alleged, and finding good cause;

**IT IS ORDERED** that the parties' joint motion is GRANTED. The Court enters this Protective Order as follows:

1.      The parties agree that the proposed protective order authorizes attorneys for the parties to disclose to each other copies of DCS and or juvenile court records related to Plaintiff Aaron Wostrel and his minor children that are otherwise non-privileged and relevant to any party's claim or defense and proportional to the needs of the case.  To the extent these records consist of the children's juvenile dependency records, juvenile court filings, school records, medical records, psychological records, placement with maternal

grandparents, and/or any other relevant information, Plaintiffs consent to the release of this otherwise protected information as between the parties' attorneys to this litigation.

2.      These records may be disclosed and produced in a substantially un-redacted form that includes names and other personally identifiable information of individuals who may have relevant information about the issues in dispute in this case.  However, the disclosing party will redact social security numbers, personal telephone numbers, home addresses, personal email addresses, and other similar highly sensitive information that is easily susceptible to abuse and not typically necessary or helpful to prepare for litigation, which also includes but is not limited to, information that Fed. R. Civ. P. 5.2(a) requires to be redacted before filing, such as social security numbers and financial account numbers.

3.      In the event a non-party individual has reported evidence that a party may have engaged in abuse and neglect of a child, and there is a reasonable basis to believe that the party may physically retaliate against the individual or their property, the individual's name and personally identifiable information may be withheld by redacting the information until such time as the parties or the court can resolve whether the identity of the individual party should be disclosed or limited to attorneys' eyes only.

4.      The parties agree that the proposed protective order authorizes attorneys for the parties to disclose only to each other copies of DCS records related to the employment of individual defendants employed during the relevant times identified in the operative complaint, including personnel files.  To the extent these records are relevant and proportional to the needs of the case; they may be disclosed and produced in a substantially un-redacted form.  The identities and personal information of the employee's family members and other third party friends and acquaintances may be redacted where the information is plainly irrelevant and not proportional to the needs of the case.  The disclosing party, in all cases, may redact social security numbers, financial information and other similar highly sensitive information that is easily susceptible to abuse and not typically necessary or helpful to prepare for litigation.

5.      A party that discloses a document containing confidential information shall conspicuously mark each document as "confidential" or "statutory confidential."

6.      The parties agree that everyone to whom the above information is disclosed will limit its use strictly to what is reasonably necessary to prepare or resolve this case. They shall share it only with attorneys, experts and support staff, court and video recorders, claims adjusters, and managers who require the information to perform their specific function in litigating this case. This limitation applies not only to the sharing of actual documents and records but also to any written or oral communication about the confidential content of such document or record. Confidential information in court filings, attached exhibits, deposition transcripts, declarations, affidavits or evidentiary hearings is also subject to this limitation unless otherwise ordered by the Court.

7.      Parties that hire a consulting or testifying expert for this case shall provide each a copy of this order and each expert shall sign a non-disclosure agreement subjecting them to this protective order and the consequences of its violation in a form substantially similar to that attached as **Exhibit 1** to this order. The parties shall inform any person hired to record testimony containing confidential information about this protective order and the consequences of its violation.

8.      The parties stipulate that the chief objects of the protective order are to shield the identities of minor children from public disclosure and in some cases other innocent third parties that would suffer a credible threat to their person or an unwarranted embarrassment or invasion of privacy from the disclosure of their identities and personally identifiable private information. The parties agree that if confidential information is identified or otherwise referred to in court filings, such as pleadings, motions and attached exhibits, they will: (1) move under Local Rule of Civil Procedure 5.6 for the Court's permission to publically file any confidential and personally identifiable information with redactions to real names and superimposing initialized pseudonyms over the redacted names; and (2) file under seal un-redacted versions of those filings and exhibits. For

example, in court filings, the minor plaintiffs in this case shall be referred to by the initialized pseudonyms S.W., B.W., and C.W.

9.     The parties agree that any and all information, records or files released in discovery shall remain confidential within this litigation and cannot be used for any purpose other than defending or prosecuting the claims in this lawsuit.  The foregoing does not prohibit any party from complying with lawful orders issued by courts of competent jurisdiction and complying with applicable laws including A.R.S. §§ 39-121, *et seq.*, where disclosure is otherwise lawful.

10.    The parties agree that any party may make reasonable objections to the disclosure of information that are permitted under court rules, statutes, or legal doctrines providing for the non-disclosure of certain information or may challenge the withholding of such information.  The parties may move for an additional or modified protective order.

11.    The parties agree that upon completion of the litigation and passage of the time for an appeal, the party receiving confidential information pursuant to this agreement shall destroy the records at the sole expense of the party receiving said records and in no event shall ever disclose the substance of any confidential information without specific authorization from the court.  The attorneys for a party may maintain possession of some confidential information to meet record keeping requirements but will continue to be bound by the terms of this protective order.

12.    Notwithstanding anything to the contrary herein, any document or information designated as Confidential Information shall enter the public domain if the Court determines it necessary to quote such information in an Order entered by the Court or if admitted during the course of trial.

Dated this 14th day of November, 2023.

Douglas L. Rayes
United States District Judge

- 4 -

**EXHIBIT 1**

NONDISCLOSURE AGREEMENT REGARDING PROTECTIVE ORDER TO ALLOW LIMITED DISCLOSURE OF CONFIDENTIAL RECORDS

(Aaron Wostrel, et al v. State of Arizona, et. al. Case No. 2:22-cv-00312-PHX-DLR)

1. I, ______________________________________, have received and read a copy of the Court's Protective Order to Allow the Limited Disclosure of Confidential Records in this case.

2. I understand that by receiving Arizona Department of Child Safety (DCS) records and/or Maricopa County Juvenile Court records, I am subject to the protective order.

3. I agree to the terms of the protective order and this nondisclosure agreement and I understand that I am responsible for the consequences of violating the terms of either, which may include contempt of court.

4. These records contain information about minors and families who have received confidential services and interactions with DCS and have been involved in dependency-court proceedings. These records may reference medical and psychological records and other private information with respect to DCS services, custody issues, and dependency proceedings in connection with the parties to this lawsuit. This information may also identify third parties that are not employed by DCS, such as third parties lacking personal knowledge about this case and reporting sources of abuse and neglect.

5. I agree that distribution of these records or dissemination of information contained in them is prohibited, except as necessary to discuss with the attorneys of record in this case and to provide testimony.

6. I agree that I will not disseminate or communicate the content of these records or any report, summary of expected testimony, or written opinion based on these records, except to the attorneys of record in this case.

7.      I agree to deliver any report, summary of expected testimony, or written opinion clearly marking the delivery as "Confidential Information Subject to Court Order."

8.      I understand that the original of this nondisclosure agreement will be retained by the attorneys of record engaging me and who upon request will provide a copy to the other attorneys in this case if and when experts are required to be identified according to the case management plan.

Dated this _____ day of_____, 202___.


[Name and Title]


/s/_____
[Name, Address, Contact Information]