Kristin K. Mayes
Attorney General

Stephanie Elliott (#030872)
Michael R. Niederbaumer (#031931)
Thomas E. Young (#036934)
Assistant Attorneys General
2005 North Central Avenue
Phoenix, Arizona  85004-1592
Telephone:  (602) 542-7699
Fax:  (602) 542-3393
DefensePhx@azag.gov
Stephanie.Elliott@azag.gov
Michael.Niederbaumer@azag.gov
Thomas.Young@azag.gov

*Attorneys for State Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Wostrel, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>State of Arizona, et al.,<br><br>Defendants. | Case No.  2:22-cv-00312-PHX-DLR<br><br>**STATE DEFENDANTS' PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT (DKT. 95)** |

Plaintiffs' Second Amended Complaint ("SAC") (dkt. 95) fails to conform to this Court's prior Orders dismissing certain claims and defendants (dkt. 75, 89).   State Defendants Michael Faust, Amber Gattie, Emelinda Diaz, Cheryl Kelly, Paulinus Obika, Jennifer Alexander, Nicole Kaplan, Bryan Adams, and Gregory McKay ("State Defendants"),[1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move this Court to dismiss: (1) supervisors Diaz, Kaplan, and Adams from federal claims 1, 6, and 7 because supervisory liability is not actionable under 42 U.S.C. § 1983, (2) former Director McKay from claim 11 for failure to serve a notice of claim, and (3) claim 7 as to Aaron Wostrel.

---

[1] State Defendants Arizona Department of Child Safety, State of Arizona, Michael Fisher, and Nicholas Long have been dismissed.  (Dkt. 74, 75, 110-2.)

# I.     INTRODUCTION

On March 1, 2023, this Court granted in part State Defendants' Motion to Dismiss and made several important rulings.  (Dkt. 75.)  First, this Court dismissed most of Aaron Wostrel's federal claims as time-barred by the two-year statute of limitations. (Dkt. 75 at 11-12; dkt. 89 at 2.)  Second, this Court noted that "[g]overnment officials cannot be held liable under § 1983 for actions of their subordinates merely on a theory of respondeat superior."  (Dkt. 75 at 12.)  Accordingly, this Court noted that allegations that a supervisor approved allegedly false reports were insufficient to sustain a § 1983 claim.  (*Id*.)  Finally, this Court dismissed state-law claims against defendants who were not served with a notice of claim.  (*Id*. at 10-11.)

Following this Court's ruling, Plaintiffs filed a SAC, ostensibly to conform to the Court's Order.  (*See* dkt. 95.)  However, the SAC continues to allege (1) § 1983 claims based on supervisory liability, (2) state-law claims against McKay although he was never served with a notice of claim, and (3) a previously dismissed federal claim on behalf of Aaron Wostrel.  (Dkt. 95, ¶¶ 281-304 (claim 1), 334-59 (claim 6), 360-69 (claim 7), 391-96 (claim 11).)

Pursuant to LRCiv 12.1, the parties conferred several times via email and telephone but could not reach an agreement on these issues beyond Plaintiffs' agreement to remove Long from the SAC because he was specifically dismissed by this Court. Given the complexity of this lawsuit and Plaintiffs' insistence that certain claims and defendants remain viable, it is imperative to clarify the remaining parties and claims to appropriately tailor discovery and the litigation process.

# II.    PROCEDURAL HISTORY

This lawsuit arises from the State's removal of Minor Plaintiffs from their mother's custody, and the ensuing dependency action.  Plaintiffs filed this lawsuit in Maricopa County Superior Court in November 2021, and it was timely removed to this Court in February 2022.  The initial Complaint alleged nineteen claims by both Aaron Wostrel and Minor Plaintiffs, against eighteen defendants, not including spouses.  (*See*

*generally* dkt. 38.)  State Defendants timely filed a Partial Motion to Dismiss in June 2022.  (Dkt. 43.)  Since that time, all parties have engaged in motion practice in an attempt to pare down this litigation to the viable parties and claims.

In response to State Defendants' Partial Motion to Dismiss (dkt. 43), this Court dismissed many of the defendants and claims for various reasons, including timeliness, failure to file a notice of claim, and failure to state a claim (dkt. 75).  This Court held that most of Aaron Wostrel's § 1983 claims against State Defendants were time-barred by the two-year statute of limitations.  (Dkt. 75 at 11.)  The only § 1983 claims that remained after this Court's ruling were claims 4-7 of the FAC, which contained allegations regarding medical decisions and procedures that occurred in 2020.  (*Id*.) This Court went on to dismiss supervisor Long from the remaining federal claims because supervisory liability is not actionable under § 1983.  (*Id*. at 12.)  However, because the claims against Kaplan, Diaz, and Adams (all supervisors) had already been dismissed as time-barred, this Court did not address whether they should also be dismissed because, as with supervisor Long, Plaintiffs were attempting to impose supervisory liability under § 1983.  (*See id*. at 12 n.7 ("As argued by State Defendants, the same supervisor liability concern applies to Diaz, Kaplan, and Adams (all supervisors), but the Court notes that claims against Diaz, Kaplan, and Adams (one, ten through 11, and thirteen through seventeen) are barred by the statute of limitations and notice of claim requirement.").)

Plaintiffs filed a Motion for Reconsideration, arguing in part that Minor Plaintiffs' federal claims were timely and therefore improperly dismissed because A.R.S. § 12-502 tolled accrual of their claims.[2]  (Dkt. 77 at 2-3.)  State Defendants agreed that Minor Plaintiffs' federal claims were timely and erroneously dismissed. (Dkt. 83 at 1.)  Accordingly, this Court reinstated Minor Plaintiffs' federal claims, noting that their claims accrued when they filed the Complaint.  (Dkt. 89 at 2.)  When Minor Plaintiffs' federal claims were reinstated, the § 1983 claims against supervisors

---

[2] A.R.S. § 12-502 tolls accrual of a minor's claim until he reaches age eighteen.

1   Diaz, Kaplan, and Adams were also reinstated, despite that this Court had already held
2   that supervisory liability is not a basis for § 1983 liability.

3        On June 24, 2023, Plaintiffs filed a SAC (dkt. 95) presumably to streamline the
4   pleadings in accordance with the Court's Order.  However, the SAC still contains the
5   following § 1983 claims against supervisors Diaz, Kaplan, and Adams:

6        Claim 1 – Unlawful Seizure against Diaz (*id*. ¶¶ 281-304);

7        Claim 6 – Judicial Deception against Kaplan and Adams (*id*. ¶¶ 334-59);

8        Claim 7 – Due Process against Diaz, Kaplan, and Adams (*id*. ¶¶ 360-69).[3]

9        Claim 7 is also still asserted on behalf of Aaron Wostrel (*see* dkt. 95, ¶ 367 and
10   pg. 46 ("Defendants . . . are liable under 42 U.S.C. § 1983 for violating Aaron's . . . right
11   to Due Process . . .."), even though this Court previously held it to be time-barred (dkt.
12   75 at 11-12).

13        After conferring regarding discrepancies between the SAC and this Court's prior
14   Order, Plaintiffs agreed that Long had been dismissed and should not have been
15   included in the SAC, but maintained that they could proceed with their claim against
16   McKay and § 1983 claims against the other supervisors.  Plaintiffs proposed a Third
17   Amended Complaint ("TAC") to remove Long, and State Defendants stipulated to its
18   filing while reserving their right to raise their additional arguments with the Court.

19        Based upon the above-referenced communications, State Defendants believed
20   that the filing of the TAC was imminent and requested an extension to file their Answer
21   or other responsive pleading until Plaintiffs filed the TAC.  (Dkt. 101.)  Plaintiffs did not
22   oppose the extension.  (Dkt. 103.)  This Court granted the extension, establishing the
23   new deadline as "fourteen days after Plaintiffs file a Third Amended Complaint."  (Dkt.
24   104.)  Plaintiffs have yet to file a TAC.

25        On September 21, 2023, Plaintiffs' counsel stated that they would not file a TAC
26   and would instead voluntarily dismiss Long, which they did on October 5, 2023 (dkt.

27
28   _____
     [3] Because Plaintiffs removed some claims when the filed the SAC, the claim
     numbers in the SAC (dkt. 95) are different than those in the Corrected First Amended
     Complaint (dkt. 38) that is referenced in the Court's Order (dkt. 75).

110.)  Since Plaintiffs do not intend to file a TAC, State Defendants have filed this Motion to clarify the remaining claims and defendants.

## III.    ARGUMENT

### A.    Supervisory Liability Is Not Actionable Under § 1983.

Plaintiffs have not stated a claim against State Defendants (supervisors) Diaz, Kaplan, and Adams, and they should be dismissed for the same reason that Long was dismissed.  This Court already noted that "[g]overnment officials cannot be held liable under § 1983 for actions of their subordinates merely on a theory of respondeat superior."  (Dkt. 75 at 12.)  Defendant Long was specifically dismissed on those grounds because "[t]he sole specific, factual allegations against Long are that he 'approved' two progress reports that Plaintiffs allege contained false information or omitted material information."  (*Id*.)  Plaintiffs did not allege that Long "knew or reasonably should have known that the report contained the false or omitted information or that the report's submission would cause a constitutional injury," and therefore failed to state a claim against him.  (*Id*. at 12-13.)

This Court had already dismissed the other supervisors based on the statute of limitations, albeit in error, and therefore did not address whether the § 1983 claims against them are also prohibited respondeat-superior claims.  (*Id*. at 12 n.7.)  They are. Plaintiffs fail to state a claim against any of the other supervisors and they must also be dismissed.  State Defendants argued that Plaintiffs failed to state a claim against Diaz, Kaplan, and Adams in their initial Partial Motion to Dismiss, and that argument is incorporated by reference in its entirety.  (Dkt. 43 at 13-14.)  For ease of reference, the relevant portion is copied here.

Government officials may not be held liable under § 1983 for actions of their subordinates on a theory of respondeat superior.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  A plaintiff must plead sufficient facts to show integral participation of each individual defendant and that each defendant violated the Constitution through his own actions. *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018); *Iqbal*, 556 U.S. at 676.  A

supervisor can only be liable if he "set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known, would cause others to inflict the constitutional injury." *Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991).  For claims requiring specific intent, it is not enough to plead knowing acquiescence.  *OSU Student All. v. Ray*, 699 F.3d 1053, 1071 (9th Cir. 2012).

Here, Plaintiffs failed to state a claim against State Defendants Diaz, Kaplan, and Adams, who were all supervisors.  As to these Defendants, Plaintiffs allege only that they signed off on a report or consented to a decision.  Per the SAC, Diaz approved of the caseworker's determination that the children were in imminent danger.  (Dkt. 95, ¶ 56.)  Plaintiffs do not allege that Diaz made the decision or even participated in the decision-making process—only that she consented and approved.  (*See id*.)  Yet, Plaintiffs name Diaz in federal claims 1 (unlawful seizure) and 7 (failure to make reasonable efforts to reunite).  (*Id*. ¶¶ 281-304, 360-69.)  Similar to Plaintiffs' allegation against Long, they allege only one action taken by Kaplan and Adams—that they each approved a report that allegedly omitted material information and was submitted to the juvenile court.  (*Id*. ¶¶ 341-42, 350.)  Kaplan and Adams are named in federal claims 6 (judicial deception) and 7 (failure to make reasonable efforts to reunite).  (*Id*. ¶¶ 334-69.)  Just as with Long, the SAC is devoid of any allegations that Kaplan or Adams knew that the reports they approved did not contain complete information or that Diaz, Kaplan, or Adams took any action in their own rights that violated the Constitution.  They must be dismissed as the Court noted in its initial Order.  (*See* dkt. 75 at 12 n.7.)

**B.     McKay Was Not Served With a Notice of Claim.**

McKay must be dismissed because Plaintiffs failed to serve him with a notice of claim as required by A.R.S. § 12-821.01.  A person making state-law claims against "a public employee shall file claims with the person or persons authorized to accept service for the . . . public employee as set forth in the Arizona Rules of Civil Procedure within one hundred eighty days after the cause of action accrues."  A.R.S. §12-821.01(A).  The

proper service of a notice of claim "is a necessary prerequisite to fil[ing] a lawsuit against" a public employee. *Donovan v. Yavapai Cty. Cmty. Coll. Dist.*, 244 Ariz. 608, 610, ¶ 7 (App. 2018); *see* A.R.S. §12-821.01(A).  Failure to comply with A.R.S. § 12-821.01(A) bars any claim against the public employee. *Harris v. Cochise Health Sys.*, 215 Ariz. 344, 351, ¶25 (App. 2007).  "Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. §12-821.01(A)." *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527, ¶ 10 (2006); *see also Simon v. Maricopa Med. Ctr.*, 225 Ariz. 55, 62 (App. 2010) (strict compliance with A.R.S. §12-821.01(A) is required; substantial compliance is insufficient).  Rule 4.1(d) of the Arizona Rules of Civil Procedure governs the service of notices of claim upon individuals.  *See Simon*, 225 Ariz. at 61, ¶ 20; A.R.S. § 12-821.01(A).  Rule 4.1(d) requires that a party serve an individual personally, leave the notice of claim at the individual's residence with another resident of suitable age and discretion, or deliver the notice of claim to someone authorized to accept service on behalf of the individual. Ariz. R. Civ. P. 4.1(d).

This Court already discussed the notice-of-claim issue, explicitly agreed that state-law claims could not proceed against State Defendants who did not receive a notice of claim, and implicitly agreed that mailing the Notice of Claim to the DCS central office where individuals may or may not be currently employed does not alone satisfy the statute.  (Dkt. 75 at 10-11.)

As fully briefed in State Defendants initial Motion to Dismiss and incorporated herein by reference, Plaintiffs attempted to serve all individual State Defendants, including McKay, by mailing the Notice of Claim to the DCS central office, which is prohibited by DCS policy and the Rules of Civil Procedure.  (Dkt. 43 at 11-12.)  It is particularly ineffective as to McKay because he was not a DCS employee in March 2021, when the Notice of Claim was allegedly mailed.  Dec. of Greg McKay, dated Jan. 3, 2024, ¶ 4, attached as **Exhibit 1**.  McKay was the Director of DCS from February 2015 through September 1, 2019.  Ex. 1, ¶ 3.  As of September 2, 2019, McKay was no

1   longer employed by DCS in any capacity.  Ex. 1, ¶ 4.  Although claimants may serve the

2   *current* agency Director by delivering a notice of claim to the front desk of the DCS

3   central office, they cannot serve a *former* director there.  McKay did not authorize any

4   individual at DCS, or anywhere else, to accept service of the notice of claim on his

5   behalf and he never received a notice of claim from Plaintiffs.  Ex. 1, ¶¶ 6-7.  Plaintiffs'

6   Notice of Claim was mailed to the DCS central office nearly 18 months after McKay left

7   DCS employment.  *See* Ex. 1, ¶ 4.  Service was not proper.[4]  McKay must be dismissed

8   consistent with the other State Defendants who were dismissed due to Plaintiffs' failure

9   to comply with the notice-of-claim statute.

10
11       **C.**    **As to Claim 7, this Court Already Dismissed Aaron Wostrel's Claim Against State Defendants as Time-Barred.**

12       With the exception of claims regarding medical decisions and treatment, all of

13   Aaron Wostrel's federal claims against State Defendants were dismissed as time-barred.

14   (Dkt. 75 at 11-12.)  The dismissed claims included Aaron's § 1983 claim for failing to

15   make reasonable efforts to reunite.  (*Id*.)  This was claim 11 in the FAC (dkt. 20, ¶¶ 410-

16   419), and is now claim 7 in the SAC (dkt. 95, ¶¶ 360-369).  It is unclear if Plaintiffs

17   intended to persist in raising this claim on behalf of Aaron against State Defendants.

18   The title of the claim states "Defendants . . . are liable under 42 U.S.C. § 1983 for

19   violating Aaron's and Minor Plaintiffs' right to Due Process . . .."  (Dkt. 95 at 46.)

20   However, Plaintiffs go on to allege that Defendants "violated Minor Plaintiffs' right"

21   and "Minor Plaintiffs suffered irreparable harm," without mention of Aaron or

22   indication of which Defendants the claim applies to.  (*Id*. ¶¶ 368-69.)  To the extent

23   Plaintiffs intend to raise claim 7 on behalf of Aaron Wostrel against any State

24   Defendant, it has already been dismissed.  (*See* dkt. 75 at 11-12.)  State Defendants seek

25   clarification of the same.

26
27       [4] In response to State Defendants' initial Motion to Dismiss, Plaintiffs offered no evidence that any individual Defendant received a Notice of Claim.  (*See* dkt. 75 at 11.)
28   Instead, Plaintiffs argued that Minor Plaintiffs need not comply with the statute.  (*Id*.) This Court rejected Plaintiffs' argument and held that state-law claims against Defendants who did not receive a Notice of Claim must be dismissed.  (*Id*.)

## IV.    CONCLUSION

Upon information and belief based on communications with counsel, Plaintiffs filed the SAC to streamline the pleadings in conformance with the Court's Order dismissing certain defendants and claims.  However, the SAC still suffers from several of the same fatal defects as the FAC.  State Defendants respectfully request that this Court dismiss all federal claims against supervisors Diaz, Kaplan, and Adams (claims 1, 6, and 7), claim 11 against McKay, and claim 7 as to Aaron Wostrel against State Defendants.

Kristin K. Mayes
Attorney General

*s/ Stephanie Elliott*
Stephanie Elliott
Michael R. Niederbaumer
Thomas E. Young
Assistant Attorneys General
*Attorneys for State Defendants*

ORIGINAL filed via CM/ECF
and a COPY e-mailed
this 4th day of
January, 2024 to:

Thomas A. Connelly
Robert T. Mills
Sean A. Woods
**Mills + Woods Law PLLC**
5055 N. 12th Street, Suite 101
Phoenix, Arizona  85014
docket@millsandwoods.com
*Attorneys for Plaintiff*

Dee An Gillespie Strub
**Mark Shields**
**Gillespie, Shields & Taylor**
7319 N. 16th Street
Phoenix, Arizona  85020
mailroom@gillaw.com
*Attorneys for Plaintiff*

Daniel J. O'Connor
**O'Connor & Dyet**

7955 S. Priest Drive
Tempe, AZ 85284
daniel.oconnor@occlaw.com
*Attorneys for Defendant Bonnie Platter*

Thomas J. Shorall, Jr.
Scott M. Zerlaut
**Shorall McGoldrick Zerlaut**
1232 E. Missouri Ave.
Phoenix, AZ 85014
tom@shorallmcgoldrick.com
scott@shorallmcgoldrick.com
firm@shorallmcgoldrick.com
*Attorneys for Defendants Walter and Jodi Lay*

s/ *Katie Landreth*

LMS20-0147 | G202020275-1 | #11635146