Kristin K. Mayes
Attorney General

Michael R. Niederbaumer (#031931)
Stephanie Elliott (#030872)
Thomas E. Young (#036934)
Assistant Attorneys General
2005 North Central Avenue
Phoenix, Arizona  85004-1592
Telephone:  (602) 542-8346 (MN)
Fax:  (602) 542-3393
DefensePhx@azag.gov
Michael.Niederbaumer@azag.gov
Stephanie.Elliott@azag.gov
Thomas.Young@azag.gov

*Attorneys for State Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Wostrel, et al., | Case No.  2:22-cv-00312-PHX-DLR |
| Plaintiffs, | |
| v. | **STATE DEFENDANTS' REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| State of Arizona, et al., | |
| Defendants. | |

State Defendants Michael Faust, Amber Gattie, Emelinda Diaz, Cheryl Kelly, Paulinus Obika, Jennifer Alexander, Nicole Kaplan, Bryan Adams, and Gregory McKay ("State Defendants") requested that this Court dismiss:  (1) supervisors Diaz, Kaplan, and Adams from federal claims 1, 6, and 7; (2) former Director McKay; and (3) Aaron Wostrel's claim 7 *against State Defendants only*.  Plaintiffs agreed to dismiss former Director McKay (dkt. 119), and in their Response to the present Motion, agreed that Aaron Wostrel's claim 7 remains only against Bonnie Platter and not against State Defendants (dkt. 120 at 15).  Thus, the only issue left for this Court to decide is whether the § 1983 claims against the remaining supervisors should be dismissed for failure to state a claim.  They should.

The issue of supervisory liability under § 1983 was briefed fully in the initial Motion to Dismiss, Response, and Reply. (Dkt. 43 at 13-14; Dkt. 62 at 14-17; Dkt. 71 at 8-10.) For the most part, Plaintiffs simply restated their initial response here, including their accusations that State Defendants mischaracterized the law, which they did not. (Dkt. 120 at 11-13.) This Court already reviewed both parties' arguments and stated the relevant legal standard:

> Government officials cannot be held liable under § 1983 for actions of their subordinates merely on a theory of respondeat superior. *Iqbal*, 556 U.S. at 676. Instead, a plaintiff must allege that a supervisor "set[] in motion a series of acts by others which the actor knows or reasonable should know would cause others to inflict the constitutional injury." *McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir. 1986). And to establish intent, "knowing acquiescence" is not enough. *OSU Student All. V. Ray*, 699 F.3d 1053, 1071 (9th Cir. 2012).

(Dkt. 75 at 12.) This Court also already held that merely alleging that Supervisor Long approved reports which contained false or omitted material information was insufficient because "[n]either allegation suggests that Long knew or reasonably should have known that the report contained the false or omitted information or that the report's submission would cause a constitutional injury." (*Id*. at 12-13.) Plaintiffs' sparse and largely conclusory allegations against Diaz, Kaplan, and Adams are similar in form and substance and should likewise be dismissed.

**Supervisor Diaz:** Plaintiffs allege in the SAC that Diaz consented to and approved of the removal of Minor Plaintiffs. (Dkt. 95, ¶ 56.) In their Response to the present Motion, Plaintiffs argue, for the first time, that "State Defendant Diaz also directed the drafting of, signed, and filed the Report to the Juvenile Court for Preliminary Protective Hearing and/or Initial Dependency Hearing." (Dkt. 120 at 13.) However, this is not alleged in the SAC, which is probably why there is no citation for this information in Plaintiffs' Response. (*Id*.) This is the first reference to this report anywhere in this case, and Plaintiffs provide no indication of why drafting such a report would support a constitutional claim. Finally, Plaintiffs argue that Diaz "consulted with Platter and coordinated the handling of the Wostrel family matter." (*Id*. (citing dkt. 95, ¶

2

161).) Plaintiffs misstate their allegations. Paragraph 161 of the SAC alleges that AAG Platter reviewed the DCS file, conferred with the individual Defendants, and that *Platter* "began to advise, direct, and coordinate DCS's handling of the Wostrel family matter." (Dkt. 95, ¶ 161.) That paragraph further alleges that "Platter's role went far beyond the duties of counsel in connection with the dependency case . . .." (*Id.*) Plaintiffs fail to identify how Diaz consulting with the agency's attorney would support a § 1983 claim or how anything in that paragraph alleges a wrongful act on the part of any State Defendant. In reality, Plaintiffs' only actual allegation against Diaz is that she supervised Gattie—and that is not enough to impose liability under § 1983.

**Supervisor Kaplan**: Plaintiffs argue that Kaplan also conferred with Platter. (Dkt. 120 at 14.) As stated above, the referenced paragraph of the SAC alleges vague wrongdoing on the part of Platter, but Kaplan or any other State Defendant. (Dkt. 95, ¶ 161.) Plaintiffs then argue that Kaplan failed to transmit certain information to the juvenile court but again mischaracterize their allegations. (*See* dkt. 120 at 14 (citing dkt. 95, ¶¶ 343-344, 358).) In reality, Plaintiffs allege that "[o]n August 2, 2017, *Kelly* submitted an addendum report to the juvenile court," and that "[t]he report was approved by Kaplan." (Dkt. 95, ¶¶ 341-42 (emphasis added).) These allegations are identical to those made against Long, which this Court already held were insufficient to support a constitutional claim. "[N]either allegation suggests that [Kaplan] knew or reasonably should have known that the report contained the false or omitted information or that the report's submission would cause a constitutional injury." (Dkt. 75 at 12-13.) Finally, Plaintiffs cite a paragraph in the SAC containing conclusory allegations against all Defendants regarding various alleged failures, but no specific facts attributed to or constitutional injury committed by Kaplan. (Dkt. 120 at 14 (citing dkt. 95, ¶ 367).) Kaplan should be dismissed.

**Supervisor Adams**: For the third time, Plaintiffs attempt to bootstrap a constitutional violation to what they view as an inappropriate "conferral" with Platter, the agency's attorney. (*Id.*) This allegation does not show personal participation in any

3

1 constitutional injury.  And similar to their strategy with Long and Kaplan, Plaintiffs now argue in their Response, without basis, that Adams knew that information in a report was false and approved it (dkt. 120 at 14), but they did not allege that in the SAC—likely because they lacked a good-faith basis to do so.  Plaintiffs cite two paragraphs in the SAC that allege that *Long* submitted a report that allegedly omitted information and Adams merely approved it.  (*Id*.; Dkt. 120 at 14.)  Lastly, Plaintiffs again direct the Court to paragraph 367 containing non-specific, conclusory allegations against all Defendants and again it is insufficient to maintain a § 1983 claim against supervisors who did not have any personal participation in any of Plaintiffs' alleged constitutional violations.

Plaintiffs' allegations regarding these three supervisors are limited to approving decisions or reports made by others and conferring with the agency's lawyer, as they are entitled to do.  This Court's ruling dismissing Supervisor Long applies with equal force to Diaz, Kaplan, and Adams because the allegations, or lack thereof, are virtually identical.  Diaz, Kaplan, and Adams should be dismissed.

Kristin K. Mayes
Attorney General

*s/ Stephanie Elliott*
Michael R. Niederbaumer
Stephanie Elliott
Thomas E. Young
Assistant Attorneys General
*Attorneys for State Defendants*

ORIGINAL filed via CM/ECF
and a COPY e-mailed
this 24th day of January, 2024 to:

Thomas A. Connelly
Robert T. Mills
Sean A. Woods
**Mills + Woods Law PLLC**
5055 N. 12th Street, Suite 101
Phoenix, Arizona  85014
tconnelly@millsandwoods.com
rmills@millsandwoods.com
swoods@millsandwoods.com
docket@millsandwoods.com
*Attorneys for Plaintiff*

Dee An Gillespie Strub
Jenny D. Jansch
Natalie Newell
**Gillespie, Shields & Taylor**
7319 N. 16th Street
Phoenix, Arizona  85020
dgillespie@gillaw.com
jjansch@gillaw.com
nnewell@gillaw.com
mailroom@gillaw.com
*Co-counsel for Plaintiff*

Daniel J. O'Connor, Jr.
Danny O'Connor, III
**O'Connor & Dyet**
7955 S. Priest Drive
Tempe, AZ  85284
daniel.oconnor@occlaw.com
danny.oconnor@occlaw.com
*Attorneys for Defendant Bonnie Platter*

Thomas J. Shorall, Jr.
Scott M. Zerlaut
**Shorall McGoldrick Zerlaut**
1232 E. Missouri Ave.
Phoenix, AZ  85014
tom@shorallmcgoldrick.com
scott@shorallmcgoldrick.com
firm@shorallmcgoldrick.com
*Attorneys for Defendants Walter and Jodi Lay*


s/ *Katie Landreth*
LMS20-0147|G202020275-1|#11834213