Thomas A. Connelly (AZ Bar #019430)
Robert T. Mills (AZ Bar #018853)
Sean A. Woods (AZ Bar #028930)
**MILLS + WOODS LAW PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com

DeeAn Gillespie Strub (AZ Bar #009987)
Jenny D. Jansch (AZ Bar #024431)
**GILLESPIE, SHIELDS & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
mailroom@gillaw.com
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Aaron Wostrel, *et al.*,<br><br>　　　　Plaintiffs<br><br>v.<br><br>State of Arizona, *et al.*,<br><br>　　　　Defendants. | Case No.: CV-22-00312-PHX-DLR<br><br>**PLAINTIFFS' MOTION TO EXTEND SCHEDULING ORDER (DOC. 94) DEADLINES**<br><br>**(SECOND REQUEST)**<br><br>(Hon. Douglas L. Rayes) |

Plaintiffs, by and through their respective undersigned counsel, hereby submit this Motion to Extend Scheduling Order (Doc. 94) Deadlines. Plaintiffs affirm that this request is made in good faith, as discussed below, and not for the purpose of delay.

On 4 January 2024, Defendants filed a Joint Request for A Status Conference (Doc. 116). Swiftly that same day, this Court issued an Order (Doc. 117) observing that:

> But Defendants' joint motion for a status conference does not identify case management deadlines as an issue to be discussed. The Court is willing to hold a status conference, but will not schedule one unless and until Defendants supplement their joint motion with an explanation of the specific issues

> they want the Court to address, along with a certification that they have conferred with Plaintiffs' counsel on these specific issues and were unable to resolve them.[1]

(Doc. 117 at 1.) The Court then ordered Defendants to file a Supplement to their Joint Request for Status Conference by 11 January 2024. Instead of filing a supplement on 11 January, Defendants filed a "Notice of Withdrawal of Joint Request for Status Conference" (Doc. 118), representing to the Court that they "aniticipate[d] working with the Plaintiffs' counsel to file a stipulated motion to extend deadlines, along with a new Proposed Scheduling Order, in the near future." (Doc. 118; *see also* Doc. 122.)

At 1:02 pm on Thursday, 11 January 2024, counsel for Defendant Platter sent an email to Plaintiffs' lead counsel seeking to have "a quick call today to talk about deadlines in this case." Plaintiffs' counsel was taking a deposition at that time and informed defense counsel that he had another deposition the next day, Friday, but was available to talk the following Monday. None of the Defendants reached out to Plaintiffs after that. Thus, on 29 January 2024, Plaintiffs contacted Defendants "to follow up on a stipulated motion to extend deadlines" and asking Defendants to "provide us with your proposed deadlines." Defendants did not respond. Then, on 12 February 2024, Plaintiffs contacted Defendants again asking if they were going to prepare a stipulation to extend the deadlines as they had represented to the Court they would do. Again, Defendants did not respond to Plaintiffs. Earlier this week, on 26 March 2024, Plaintiffs sent Defendants a draft stipulation to extend the scheduling deadlines with a proposed scheduling order and sought their input and/or their stipulation. Yet, again, Defendants have not responded to Plaintiffs. Thus, Plaintiffs now submit this Motion to Extend Scheduling Order Deadlines.

As the Court surmised in January, the parties need additional time to complete fact discovery and allow experts the opportunity to review additional information and records and prepare their reports. Plaintiffs submit that in addition to the procedural history

---

[1] Had Defendants conferred with Plaintiffs before filing their Joint Request, they would have learned that Plaintiffs agreed that good cause existed for either or both of a scheduling conference and extensions to the present scheduling order.

recounted in Defendants' Joint Request (Doc. 116), good cause exists for extensions to the scheduling order for the following additional reasons.

Beginning soon after this suit was filed and served and extending through November 2023, the parties were working on a Joint Motion for Protective Oder and Proposed Order. Defendants, most prominently State Defendants, refused to produce documents until a protective order was in place. There were delays in getting a final version of the Joint Motion for Protective Order due to changes in the roster of defense counsel, particularly for State Defendants. A joint motion and proposed Protective Order were finally filed on 9 November 2023 (Doc. 112), and a Protective Order was entered on 14 November 2023 (Doc. 113). As a result, Plaintiffs anticipate the additional disclosures of records maintained by the Arizona Department of Child Safety (DCS), Maricopa County Juvenile Court, and pertinent records from any other involved state agency now that the Protective Order is in place.

Additionally, beginning in late June 2023 and extending through September 2023, several tragedies befell Plaintiffs' lead counsel's family that caused him to be out of the office during much of July, August, and September. *First*, in late June, counsel's long-time partner's mother became seriously ill. Counsel traveled with his partner to Pennsylvania to be with her and her mother, whom counsel considered his *de facto* mother-in-law. Counsel remained in Pennsylvania for 10 days, caring for his partner and her mother. Soon after counsel's return to Arizona, his partner's mother passed away on 19 July 2023 and he returned to Pennsylvania for the funeral and other affairs, staying for another week. *Second*, soon after returning to Arizona in late July, counsel's own mother passed away unexpectedly on 5 August 2023. Counsel traveled to Illinois this time to make appropriate arrangements, provide care and comfort to his sisters, attend services and the funeral, and, since counsel is the executor for his mother's estate, he attended to probate and estate related matters and legal issues, as well. Counsel spent most of August dealing with estate and probate issues, as well as some unexpected custody issues relating to his grandniece that arose during August. Some of those issues extended into September and several remain

unresolved at this time. *Third*, in mid-September, counsel's brother-in-law was diagnosed with a terminal illness and assigned to hospice with a medical opinion of six months to live. Upon receipt of that news, counsel drove to St. Johns, Arizona, where his sister resides, an approximately 5-hour drive from Phoenix, and spent the week helping her to understand, deal with, and make plans based on that news. As a result, Plaintiff's lead counsel was not able to attend to much of the discovery needs in matters on his case load, including this matter. As a result of the foregoing, several other matters were extended, two of which were then set for trial in February and April of this year, further impacting on counsel's calendar and the smooth progress of discovery in this matter.

Limited discovery has occurred in this matter to date. Plaintiffs served written discovery requests in May 2022 and September 2023, for most of which responses have been received, but not for all. The parties have voluntarily disclosed some documents pursuant to FRCP 26. No depositions have yet been taken or scheduled, and only limited written discovery has occurred, as noted above.

For the foregoing reasons, Plaintiffs through undersigned counsel assert that good cause exists to extend the current scheduling order deadlines as follows:

| EVENT | CURRENT DEADLINE | NEW DEADLINE |
| --- | --- | --- |
| Deadline for completing written discovery | November 24, 2023 | **December 6, 2024** |
| Deadline for Plaintiff to serve expert disclosures | December 15, 2023 | **January 10, 2025** |
| Deadline for Defendants to serve expert disclosures | January 19, 2024 | **February 14, 2025** |
| Deadline for Plaintiff to serve rebuttal expert disclosures | February 23, 2024 | **March 21, 2025** |
| Deadline to complete fact and expert witness depositions and serve final disclosures | March 29, 2024 | **May 30, 2025** |
| Deadline to engage in good faith settlement talks | February 16, 2024 | **April 25, 2025** |

| Dispositive motions | April 26, 2024 | **October 10, 2025** |
|---|---|---|
| Telephonic Status Conference | April 9, 2024, at 11:30 a.m. | |

A proposed form of order is attached.

**RESPECTFULLY SUBMITTED** this 29th day of March 2024.

                            **MILLS + WOODS LAW, PLLC**

                            By  */s/ Thomas A. Connelly*
                            Thomas A. Connelly
                            Robert T. Mills
                            Sean A. Woods
                            5055 North 12th Street, Suite 101
                            Phoenix, AZ 85014

                            **GILLESPIE, SHIELDS & TAYLOR**
                            DeeAn Gillespie Strub
                            Jenny D. Jansch
                            7319 North 16th Street
                            Phoenix, Arizona 85020

                            *Attorneys for Plaintiffs*

**CERTIFICATION OF COUNSEL**

I hereby certify that Plaintiffs made the good faith attempts to meet and confer with defense counsel regarding the scheduling deadlines in this case on the dates identified above in the body of this Motion and that all those attempts were unsuccessful, as noted above in the body of this Motion.

    */s/*     *Thomas A. Connelly*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2024, I electronically transmitted the foregoing document to be filed electronically with the Clerk's Office through the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to be served on all counsel of record via the Court's CM/ECF system.

         /s/      *Thomas A. Connelly*