**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Wostrel, | No. CV-22-00312-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

    This lawsuit arises from the State of Arizona's removal of Minor Plaintiffs from their mother's custody, and the ensuing dependency action. The Court previously issued an order that granted, in whole or in part, several motions to dismiss filed by the various Defendants. (Doc. 75.) The Court detailed the relevant background in that order and will not do so again here, as the parties are familiar with the facts.

    After the Court dismissed portions of Plaintiffs' previous complaint, they filed a second amended complaint ("SAC") ostensibly to conform their pleading to the Court's dismissal order. (Doc. 95; *see also* Doc. 93 at 2 ("The parties agree a further amended complaint to conform to the Court's rulings . . . would be beneficial to the Court and the remaining Defendants in preparing their responsive pleadings.")). As it turns out, however, that SAC fails in several respects to conform to the Court's prior orders and, despite multiple conferral efforts, the parties were unable to agree to a resolution. State Defendants' therefore have moved to partially dismiss the SAC to remove those portions

it believes fail to faithfully conform to the Court's prior rulings. (Doc. 115.) Specifically, State Defendants ask the Court to "to dismiss: (1) supervisors Diaz, Kaplan, and Adams from federal claims 1, 6, and 7 because supervisory liability is not actionable under 42 U.S.C. § 1983, (2) former Director McKay from claim 11 for failure to serve a notice of claim, and (3) claim 7 as to Aaron Wostrel." (*Id.* at 1.)

In response, Plaintiffs voluntarily dismissed former Director McKay (Doc. 119) and concede that claim 7 is asserted only against Defendant Platter and not against State Defendants, even though the SAC's heading for claim 7 names State Defendants as well as Platter (Doc. 120 at 15; Doc. 95 at 46).[1] The Court admonishes Plaintiffs to take more seriously their conferral obligations under this Court's March 11, 2022, order (Doc. 15) and Local Rule of Civil Procedure 12.1(c). Good-faith conferral should have resulted in an amended pleading that dealt with these apparent non-issues *before* State Defendants expended resources briefing them.

In light of Plaintiffs' concessions, the only contested issue is whether the Court should dismiss the § 1983 claims against Defendants Diaz, Kaplan, and Adams. The issue of supervisory liability under § 1983 was fully briefed when State Defendants moved to dismiss an earlier iteration of Plaintiffs' complaint. In its order resolving that motion, the Court explained:

> Government officials cannot be held liable under § 1983 for actions of their subordinates merely on a theory of respondeat superior. [*Ashcroft v.*] *Iqbal*, 556 U.S. [662,] at 676 [(2009)].

---

[1] In response to State Defendants' arguments regarding claim 7, Plaintiffs argue: "State Defendants assert that all of Aaron's federal claims against State Defendants were dismissed as time-barred except for his claims regarding medical decisions and treatment. *See* Mot. at 8:10-11. However, Aaron's Claim 7 (formerly Claim 11 in the FAC) against State Defendants was dismissed based on statute of limitations ground but his claim against Defendant Platter for her out-of-court actions survived. *See* (Doc. 75 at 13:22-14:3). Therefore, Aaron's Claim 7 against Platter should not be dismissed." (Doc. 120 at 15.) Platter, however, is not among the movants. Only State Defendants have moved to partially dismiss the SAC. Plaintiffs make no argument that claim 7 should be resurrected as to State Defendants and appear to acknowledge that the claim is now being pursued only against Platter consistent with the Court's prior order. Yet, in the next paragraph, Plaintiffs state: "Aaron's Claim 7 must remain, *at least* as to Defendant Platter." (*Id.* (emphasis added).). Given the Court's prior order dismissing claim 7 as to the State Defendants and Plaintiffs' failure to raise any argument for resurrecting that claim now, "at least" should read "at most." The Court reads Plaintiffs' response the same way as the State Defendants do— Plaintiffs are only pursuing this claim against Platter.

> Instead, a plaintiff must allege that a supervisor "set[] in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir. 1986). And to establish intent, "knowing acquiescence" is not enough. *OSU Student All. v. Ray*, 699 F.3d 1053, 1071 (9th Cir. 2012).

(Doc. 75 at 12.) The Court concluded:

> The sole specific, factual allegations against Long are that he "approved" two progress reports that Plaintiffs allege contained false information or omitted material information. (Doc. 38 ¶¶ 167, 401.) Neither allegation suggests that Long knew or reasonably should have known that the report contained the false or omitted information or that the report's submission would cause a constitutional injury. As such, both allegations against Long arise under a respondeat superior theory and cannot ground liability under § 1983.

(*Id.* at 12-13.)

The crux of State Defendants' partial motion to dismiss is that the SAC fails to conform to the Court's prior ruling because it attempts to assert § 1983 claims against Diaz, Kaplan, and Adams based on allegations that are materially indistinguishable from those the Court previously found insufficient to support such claims against Long. The Court agrees.

First, Diaz. The SAC merely alleges that Diaz supervised Gattie, and that Platter conferred with Diaz and others after being assigned as the State's Advocate in the dependency case. (Doc. 95 ¶¶ 56, 161.) These vague allegations do not plausibly show that Diaz set in motion a series of acts by others that she knew or reasonably should have known would cause others to inflict constitutional injuries on Plaintiffs.

Second, Kaplan. The SAC alleges only that Kaplan approved an August 2, 2017, addendum report that Kelly submitted to the juvenile court, and that this report contained inaccurate information. (¶¶ 341-43.) These allegations are materially indistinguishable from those the Court found insufficient as to Long.

Finally, Adams. The only specific allegation against Adams is that he approved an addendum report that was prepared and submitted to the court by Long and that this report contained false information. (¶ 350.) This allegation is materially indistinguishable from

those the Court found insufficient to support claims against Long. The SAC also alleges that Platter conferred with Adams and others after being assigned as the State's Advocate in the dependency case. (¶ 161.) But this vague allegation does not plausibly show that Adams set in motion a series of acts by others that he knew or reasonably should have known would cause others to inflict constitutional injuries on Plaintiffs.

For these reasons,

**IT IS ORDERED** that State Defendants' partial motion to dismiss the second amended complaint (Doc. 115) is **GRANTED**. Claims 1, 6, and 7 of the second amended complaint are dismissed as to Defendants Diaz, Kaplan, and Adams.

Dated this 26th day of September, 2024.

Douglas L. Rayes
Senior United States District Judge