Thomas A. Connelly (AZ Bar #019430)
Robert T. Mills (AZ Bar #018853)
Sean A. Woods (AZ Bar #028930)
**MILLS + WOODS LAW PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com

DeeAn Gillespie Strub (AZ Bar #009987)
Jenny D. Jansch (AZ Bar #024431)
**GILLESPIE, SHIELDS & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
mailroom@gillaw.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Aaron Wostrel, *et al.*, | Case No.: CV-22-00312-PHX-DLR |
|---|---|
| Plaintiffs | |
| v. | **JOINT STATEMENT OF DISCOVERY DISPUTE** |
| State of Arizona, *et al.*, | |
| Defendants. | (Hon. Douglas L. Rayes) |

A discovery dispute has arisen between Plaintiffs and State Defendants (collectively, the "parties") about State Defendants' production of heavily redacted emails and other communications claiming the redactions are justified by the attorney-client privilege that the parties have not been able to resolve through sincere efforts of good faith consultation. Therefore, pursuant to the Court's Scheduling Order [Doc. 39 at ¶ 6(a)],[1] the parties submit this joint statement to provide the Court with information about the dispute which may be difficult to succinctly describe to the Court over the phone, and to make a record of the discovery sought.

## PLAINTIFFS' POSITION

Plaintiffs seek the Court's assistance regarding State Defendants' improper redactions and privilege log deficiencies. State Defendants produced more than 20,000 pages of documents, including nearly 14,000 pages of emails, yet provided only one

---

[1] The Scheduling Order provides that this joint statement is not to exceed 3 pages, one and one-half page per side, and may be single-spaced. [Doc. 39 at 3:22-24.]

privilege log entry (labeled "Ex. 439") covering all redactions for those 14,000 pages, claiming attorney-client privilege and "personal information," as shown below.[2]

| EXH. NO. | BATES NO. | DATE | DOCUMENT | FORMAT | AUTHOR | RECIPIENT(S) | SUBJECT | NATURE OF PRIVILEGE / REASON FOR REDACTION |
|---|---|---|---|---|---|---|---|---|
| *439* | ST-Wostrel005488-19395 | *Various* | *Emails* | *Electronic* | *Various* | *Various* | *Various* | *Attorney-Client Privilege and Personal Information as indicated in redacted documents[1]* |

[1] Exhibit 439 contains nearly 14,000 pages of emails that include redactions for personally identifying information and attorney-client privileged information. It would be unduly burdensome to list each and every redaction on a privilege log. Each individual redaction within the documents is labeled with its reason for redaction.

Rule 26(b)(5), Fed. R. Civ. P., requires a detailed and specific showing sufficient to assess privilege in order to withhold discovery on privilege grounds. A blanket generic privilege log entry for 14,000 pages is inadequate and improperly shifts the burden to Plaintiffs.

When asked to provide separate Bates Nos. and privilege log entries for each purportedly attorney-client privileged email contained in "Exh. No. 439," State Defendants flatly refused but eventually agreed to provide a searchable PDF file containing all 14,000 pages to replace the non-searchable 4,887 individual PDF files originally produced as part of Exh. No. 439. Upon review of those 14,000 pages, Plaintiffs identified 132 emails redacted for alleged attorney-client privilege. Most of those emails are internal DCS communications with no attorney included as sender or recipient, or with the email header information also redacted. Plaintiffs then asked State Defendants to supplement their privilege log for those 132 emails by providing sufficient Author, Recipient, Subject, and Nature of Privilege/Reason for Redaction information to enable an intelligent assessment of the privilege claims. State Defendants eventually provided only short descriptions of the nature of those 132 emails. The revised descriptions fail to demonstrate a prima facie basis for the asserted privilege. The failure of State Defendants to meet their burden of demonstrating a prima facie basis for the assertion of the privilege has been held to constitute waiver of the privilege. *See, e.g., Witmer v. Acument Global Techs., Inc.* 2010 U.S. Dist. LEXI 100663 (E.D. Mich. Sept. 23, 2010).

Further, as noted above, most of those 132 emails are internal DCS communications with no attorney included as sender or recipient, or with the email header information also redacted. The attorney-client privilege protects legal advice, not underlying facts. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). Business communications recounting factual matters or giving business direction are not privileged. *See McCaugherty v. Siffermann*, 132 F.R.D. 234, 238 (N.D. Cal. 1990). Courts also reject privilege claims where an attorney performs functions a non-attorney could perform, or where the purpose of the communication was business, not legal advice. *See Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1978).

---

[2] State Defendants' original privilege log is 58 pages, containing 437 separate entries, six (6) of which they claim are redacted because of the attorney-client privilege. Plaintiffs dispute the efficacy of the privilege as to those documents, as well. State Defendants' supplemental privilege log is 59 pages but contains only one new entry, i.e., "Exh. No. 439." There is not an "Exh. 438" and no explanation for its absence. Plaintiffs assume a typographical error in the naming of Exh. No. 439; perhaps State Defendants can explain.

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

Here, Plaintiffs allege that Defendant Bonnie Platter acted outside the scope of her duties as an assistant attorney general by relying on her prior experience and knowledge as a DCS case manager to give business advice and direction to the individual State Defendants working the case. Communications in that regard are not privileged since they do not convey legal advice and because a non-attorney DCS specialist, supervisor, or program advisor could have given the same advice. Such communications are not privileged. State Defendants' failure to identify the basis for each redaction precludes meaningful evaluation. Courts recognize that privilege does not apply where communications are incidental or factual, even if an attorney's name or advice is mentioned. *See Corkrean v. Drake Univ.*, No. 4:21-cv-00336-RGE-SHL, 2022 U.S. Dist. LEXIS 10156 (S.D. Iowa Jan. 3, 2022). Moreover, the redacted documents might also demonstrate the existence of the crime-fraud exception to the privilege claims.

Because State Defendants refuse to provide a compliant privilege log or supplement, Plaintiffs respectfully request the Court to compel production of unredacted emails due to waiver of the privilege or conduct an *in camera* review of the all the emails for which State Defendants are asserting the privilege to determine whether they are properly withheld or redacted. *See Ivy Hotel San Diego, LLC, v. Hous. Cas. Co.,* 2011 U.S. Dist. LEXIS 119746 (S.D. Cal. Oct. 17, 2011) (ordering *in camera* review to determine if privilege applied).

**STATE DEFENDANTS' POSITION**

Plaintiffs believe that a "traditional" privilege log is required. Plaintiffs are wrong.

"While boilerplate objections are insufficient to assert a privilege . . . Rule 26(b)(5) **does not require a document-by-document privilege log**." *Franco-Gonzalez v. Holder*, 2013 WL 8116823, * 6 (C.D. Cal. May 3, 2013) (emphasis added) (internal citation omitted). "[T]he Ninth Circuit has stated that while the party asserting the privilege must make a prima facie showing that the privilege protects the information at issue, a privilege log is *one of a number of ways* in which a party must establish the privilege." *Id*. (emphasis added) (citing *In re Grand Jury Investigation,* 974 F.2d 1068, 1071 (9th Cir. 1992)). This is because Fed.R.Civ.P. 26 advisory notes to the 1993 Amendments recognize that "[t]he rule does not attempt to define for each case what information must be provided" when a party is asserting attorney-client privilege. The advisory notes further recognize: "Details concerning time, persons, general subject matter, etc. may be appropriate if only a few items are withheld, but unduly burdensome when voluminous documents are claimed to be privileged or protected. . . ." To adequately assert the attorney-client privilege, a party must provide (1) the general nature of the document; (2) the identity of its author; (3) the date it was written; (4) identity of the recipients; (5) location of the document; and, (6) reason the document was withheld. *Franco-Gonzalez*, 2013 WL 8116823, * 6 (citing Hon William W. Schwarzer et al., Federal Civil Procedure Before Trial § 11:1919 (2013)).

On January 22, 2025, State Defendants disclosed Exhibit 439, which consists of 14,000 pages of redacted emails and their redacted attachments. In order to comply with Fed.R.Civ.P. 26(b)(5), State Defendants noted in a privilege log that the 14,000 pages of documents were too voluminous to provide a document-by-document privilege log, that all of the redactions were either personally identifiable information or attorney-client privileged, and that attorney-client privilege redactions would be specifically identified with an overlay on the redaction itself. The sender, receiver, and subject lines were generally left unredacted, as were any non-privileged emails in the chain. No documents were withheld in their entirety. Producing the emails and attachments with clearly marked redactions fulfilled the general requirements to establish the privilege. That is (1) that the documents consisted of emails was self-evident, (2) the author/sender was identified, (3)

the date upon which the email was sent was identified, (4) the recipients were identified, (5) no documents were withheld, and (6) attorney client privilege was clearly marked.

On September 18, 2025, during the meet and confer process, counsel undersigned provided additional details about the redactions including the reasons the attorney-client privilege was invoked (e.g. "Advice from AAG") and, on the rare occasion when the email headers were inadvertently redacted, the sender and recipient of the emails, the date the emails were sent, and the subject line of the emails. Thus, State Defendants have provided more than the requisite information in asserting their attorney-client privilege.

Plaintiffs cite to *Corkrean v. Drake Univ.*, 2022 WL 18632 (S.D. Iowa Jan. 3, 2022), for the proposition that the attorney-client privilege would not attach to communications between non-attorney employees if the attorney's advice is mentioned. *Corkrean* does not support Plaintiffs' position. "*Upjohn* [*Co. v. United States*, 449 U.S. 383 (1981)] recognizes that the attorney-client privilege is just as important for organizational clients as it is for individuals: both must be able to engage in 'full and frank communication' with attorneys 'and thereby promote broader public interests in the observance of law and the administration of justice.' [] This purpose would be undermined if non-attorney employees of an organization could not discuss or share legal advice with one another without waiving the privilege . . . In other words, the Court believes employees of a client-organization should be able to discuss an attorney's advice without waiving the privilege . . . ." *Corkrean*, 2022 WL 18632, *3 (internal citations omitted). Additionally, *Corkrean* found the attorney-client privilege will also extend to conversations between non-attorney employees about future conversations to have with the attorney. *Id.* at *4. *Corkrean* is not an outlier. "The attorney-client privilege can extend to communications between non-lawyer employees for a corporate party, but only to the extent their communications 'discuss or transmit legal advice given by counsel' and discuss their 'intent to seek legal advice about a particular issue.'" *In re Novalpina Capital Partners I GP S.A.R.L.*, 773 F.Supp.3d 1058, 1066 (D. Or. 2025) (quoting *Dolby Lab'ys Licensing Corp. v. Adobe, Inc.*, 402 F.Supp.3d 855, 866 (N.D. Cal. 2019)). Here, although some emails are between non-lawyer employees, those communications forwarded the attorney's advice, the attorney's legal analyses and interpretations, and intent to seek advice from counsel.[3] They are clearly protected by the attorney-client privilege and have been sufficiently identified.

Plaintiffs also claim, without supporting evidence, that the emails may trigger the crime-fraud exception. It is not enough for a party "merely to allege that is has a sneaking suspicion the client was engaging in or intending to engage in a crime or fraud when it consulted the attorney. A threshold that low could discourage many would-be clients from consulting an attorney about entirely legitimate legal dilemmas." *In Re Grand Jury Proceedings*, 87 F.3d 377, 381 (9th Cir. 1996).

In conclusion, State Defendants properly redacted the disclosed emails, provided enough information to invoke the attorney-client privilege, and Plaintiffs have insufficiently supported their crime-fraud exception. Accordingly, State Defendants have fulfilled their discovery obligation. No further action is necessary.

---

[3] The reasons for asserting the privilege can be gleaned from context and was specifically addressed in the September 18, 2025 email.

**RESPECTFULLY SUBMITTED** this 5th day of November 2025.

        **MILLS + WOODS LAW, PLLC**

        By   /s/ *Thomas A. Connelly*
        Thomas A. Connelly
        Robert T. Mills
        Sean A. Woods
        5055 North 12th Street, Suite 101
        Phoenix, AZ 85014

        **GILLESPIE, SHIELDS & TAYLOR**
        DeeAn Gillespie Strub
        Jenny D. Jansch
        7319 North 16th Street
        Phoenix, Arizona 85020

        *Attorneys for Plaintiffs*

        Kristin K. Mayes
        Attorney General

        *s/ Michael R. Niederbaumer*
        Michael R. Niederbaumer
        Stephanie Elliott
        Thomas E. Young
        Assistant Attorneys General
        *Attorneys for State Defendants*

## GOOD FAITH CONSULTATION CERTIFICATION

The above signing counsel each certify pursuant to Rule 37(a)(1), Fed. R. Civ. P., that the parties made sincere, good faith efforts through personal consultation to resolve this dispute before seeking the Court's intervention.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2025, I electronically transmitted the foregoing document to be filed electronically with the Clerk's Office through the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to be served on all counsel of record via the Court's CM/ECF system.

　　/s/  Thomas A. Connelly