IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Aaron Wostrel,<br><br>   Plaintiff,<br><br>v.<br><br>State of Arizona, et al.,<br><br>   Defendants. | No. CV-22-00312-PHX-DLR<br><br>**ORDER** |

On November 6, 2025, the Court held a telephonic discovery dispute conference to address the issues identified in the parties' Joint Statement of Discovery Dispute (Doc. 170). The dispute related to redactions in documents produced by State Defendants. Plaintiff complained about the redactions and the adequacy of the privilege log accompanying the production. State Defendants alleged that the redactions were appropriate because they were protecting attorney-client privileged communications. After discussion, the Court ordered State Defendants to produce the subject redacted documents for an *in camera* inspection. Defendants produced 294 pages of redacted documents[1] for review.

The attorney-client privilege protects confidential communications between attorneys and clients regarding the seeking and/or giving of legal advice. *Upjohn Co. v.*

---

[1] Pursuant to the Court's instructions, the documents produced for *in camera* review were unredacted. So the Court could identify what was at issue, the portions that had been redacted when produced to Plaintiff were highlighted in yellow.

*United States,* 449 U.S. 393, 389 (1981).

> Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*In re Grand Jury Investigation (Corp.)*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992) (quoting *In re Fischel*, 557 F.2d 209, 211 (9th Cir. 1977)). The privilege withholds relevant information from the fact finder and therefore should apply "only when necessary to effectuate its limited purpose of encouraging complete disclosure by the client." *Tornay v. United States*, 840 F. 2d 1424, 1428 (9th Cir. 1988).

Having reviewed the documents submitted by State Defendants, the Court finds that all redacted portions are protected from disclosure by the attorney-client privilege except the following:

- Emails from Jeff Zurbiggen and Dee Ann Gillespie: Bates 5802–5804
- Emails from and to Aaron Wostrel: Bates 6231–6234, 6466–6475, 8396
- Emails to and from Stacy Hayes: Bates 10732–10734, 17314–17316

**IT IS ORDERED** that, within 7 days of the date of this order, State Defendants produce to counsel for Plaintiff unredacted versions of the emails identified herein as outside the scope of the attorney-client privilege.

Dated this 13th day of January, 2026.

Douglas L. Rayes
Senior United States District Judge