Thomas A. Connelly (AZ Bar #019430)
Robert T. Mills (AZ Bar #018853)
Sean A. Woods (AZ Bar #028930)
**MILLS + WOODS LAW PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com

DeeAn Gillespie Strub (AZ Bar #009987)
GILLESPIE, SHIELDS, & TAYLOR
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
mailroom@gillaw.com

*Attorneys for Plaintiffs*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014-2555
480.999.4556

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Aaron Wostrel, *et al.*,<br>Plaintiffs<br>v.<br>State of Arizona, *et al.*,<br>Defendants. | Case No.: 22-cv-00312-PHX-DLR<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE OVERLENGTH BRIEF IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>(Hon. Douglas L. Rayes) |

Plaintiffs Aaron Wostrel, S.W., B.W., and C.W., by and through their counsel, respectfully move for leave to file a brief in support of their Motion for Partial Summary Judgment that exceeds the 17-page limit set forth in the Court's Scheduling Order (Doc. 39, ¶ 7(c)). Plaintiffs seek leave to file a brief of 50 pages. Good cause exists for the following reasons.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

## I. STRUCTURAL CAUSE: THE COURT'S OWN RULE 56 MODIFICATION CONVERTS FACTUAL PAGES INTO BRIEF PAGES

The standard 17-page limit for dispositive motions is calibrated for a case in which the moving party submits a separate statement of facts. Under that structure, the facts occupy their own document; the brief itself addresses legal argument. This Court's Scheduling Order, Doc. 39 at ¶ 7(c), suspended Local Rule 56.1 and required instead that all facts be incorporated into the body of the motion, with the 17-page limit inclusive of those incorporated facts.

That modification has a direct mathematical consequence: every page that would ordinarily appear in a separate statement of facts now counts against the page limit for legal argument. In a case of ordinary complexity, the consequence may be manageable. In a case of this scale — four plaintiffs, nine defendants, twelve surviving claims, and a dependency proceeding spanning more than three years — it is not. Plaintiffs' brief incorporates 105 numbered facts drawn from nineteen depositions, two Rule 30(b)(6) institutional witnesses, tens of thousands of pages of DCS business records, and two appellate decisions, together with their supporting exhibit citations and the legal argument those facts inform. Those facts cannot be compressed further without sacrificing the specificity the Court needs to act on a Rule 56(g) request.

The need for additional pages is a direct consequence of the Court's own procedural modification, not an effort to circumvent the page limit. Plaintiffs ask only for the pages the modification effectively transferred from the separate statement of facts into the brief.

## II. THE SCOPE OF THE MOTION INDEPENDENTLY JUSTIFIES THE LENGTH

The motion addresses twelve surviving claims against nine defendants, two of which present immunity defenses requiring particularized analysis under both federal qualified immunity doctrine and Arizona's functional quasi-judicial immunity standard as recently addressed in *Neeley v. Thomas*, No. 1 CA-CV 25-0113 (Ariz. App. Aug. 18, 2026). The motion proceeds on three separate procedural tracks simultaneously: Rule 56(a) partial

judgments on four distinct legal issues, Rule 56(g) factual findings on twenty-five numbered matters, and the rejection of two immunity defenses that turn on different legal frameworks and different evidentiary records. Each track requires its own factual foundation and legal analysis.

The defendants are not interchangeable. The motion addresses seven named State Defendants, Defendant Platter, and Defendants Walter Lay and Jodi Lay, each with a distinct role, a distinct period of responsibility, and a distinct body of documentary evidence. Facts relevant to the original case manager are not the same facts relevant to her successor or to the supervising attorney general or to the Lays' placement. Individualized treatment of each defendant's notice, conduct, and applicable legal standard is required by the governing doctrine and cannot be collapsed without sacrificing accuracy.

## III. THE RULE 56(G) COMPONENT REQUIRES EVIDENTIARY SPECIFICITY THAT CANNOT BE ABBREVIATED

The motion requests twenty-five specific Rule 56(g) findings. Each finding must be anchored to specific deposition testimony, specific documentary sources, and specific exhibit citations so that the Court can assess the evidentiary basis for each finding independently. Unlike a standard summary judgment argument, which might establish one or two central propositions, a 56(g) request asks the Court to make discrete factual determinations that will govern the trial record. The Court cannot make those determinations from summary characterizations; it must be able to see the evidence behind each finding.

This component alone, done with the specificity the Court's own Rule 56 standards require, accounts for a substantial portion of the brief's length.

## IV. THE INSTITUTIONAL ADMISSIONS FROM TWO RULE 30(B)(6) DEPOSITIONS ADD A DISTINCT EVIDENTIARY LAYER

The record includes testimony from two Rule 30(b)(6) witnesses — the Department's designated policy representative and the Department's designated training representative — whose testimony constitutes the official institutional position of the State

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

of Arizona on the standards that applied during the relevant period and the training the Department provided or failed to provide. That testimony bears on multiple claims (Claims One, Two, Six, Eight, and Eleven) and on the qualified immunity analysis, but it is a distinct evidentiary layer that requires its own treatment. It cannot be folded into the individual-defendant analysis without obscuring the institutional admissions the Department itself made.

## V. THE REQUESTED LENGTH IS NO LONGER THAN NECESSARY

The current draft of the brief is 50 substantive pages. That length is not the product of repetition or padding; it is the product of a case in which the evidentiary record is large, the number of parties and claims is substantial, the Rule 56(g) request is detailed, and the Court's Scheduling Order requires all of that material to live in a single document. Plaintiffs have drafted the brief as concisely as the record permits. They do not seek more pages than the brief requires.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request leave to file a brief in support of their Motion for Partial Summary Judgment not to exceed 50 pages.

Plaintiffs sought Defendants' consent and received said consent from those Defendants who responded to the request. No objections were received.

A proposed order is submitted herewith.

**RESPECTFULLY SUBMITTED** this 22nd day of October 2026.

**MILLS + WOODS LAW PLLC**

By *\/s/ Thomas A. Connelly*
Thomas A. Connelly
Robert T. Mills
Sean A. Woods
5055 North 12th Street, Suite 101
Phoenix, AZ 85014

GILLESPIE, SHIELDS, & TAYLOR
DeeAn Gillespie Strub
7319 North 16th Street
Phoenix, AZ 85020

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2026, I electronically transmitted the foregoing document to be filed electronically with the Clerk's Office through the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to be served on all counsel of record via the Court's CM/ECF system.

*/s/ Thomas A. Connelly*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556