# EXHIBIT 3

CAUSE NO. 2:22-CV-00312-DLR

AARON WOSTREL, an individual; S.W., a minor, through her parent and guardian Arron Wostrel; B.W., a minor, through her parent and guardian Aaron Wostrel, and C.W., a minor, through her parent and guardian Aaron Wostrel,,

UNITED DISTRICT COURT
DISTRICT OF ARIZONA

Plainitffs,

vs.

STATE OF ARIZONA, a governmental entity ARIZONA DEPARTMENT OF CHILD SAFETY, a governmental entity; MICHAEL FAUST, as Director, Arizona Department of Child Safety; AMBER GATTIE, individually and as an employee of the Arizona Department of Child Safety, and JOHN DOE GATTIE, her spouse; EMELINDA DIAZ, individually and as an employee of the Arizona Department of Child Safety, and JOHN DOE DIAZ, her spouse; CHERYL KELLY, individually and as an employee of the Arizona Department of Child Safety, and JOHN DOE KELLY, her spouse; PAULINUS OBIKA, individually and as an employee of the Arizona Department of Child Safety, and JANE DOE OBIKA, her spouse; NICHOLAS LONG, individually and as an employee of the ArizonaDepartment of Child Safety, and JANE DOE LONG, his spouse; JENNIFER ALEXANDER, individually and as an employee of the Arizona Department of Child Safety, and JOHN DOE ALEXANDER, her spouse; NICOLE KAPLAN, individually and as an employee of the Arizona Department of Child Safety, and JOHN KAPLAN, her spouse; BRYAN ADAMS, individually and as an employee of the Arizona Department of Child Safety, and JANE DOE ADAMS, his spouse; KIRSTEN WRIGHT, individually

and JOHN DOE WRIGHT, her spouse; )
CHELSEA HERZAFT, individually and as an)
employee of the State of Arizona, and )
JOHN DOE HERZAFT, her spouse; DANIELLE )
FISHER, individually and as an agent of)
the Arizona Department of Child Safety,)
and JOHN DOE FISHER, her spouse; )
GREGORY MCKAY, as former Director, )
Arizona Department of Child Safety; )
BONNIE PLATTER, individually and as an )
employee of the State of Arizona, and )
JOHN DOE PLATTER, her spouse; WALTER )
LAY and JODI LAY, a married couple; )
JOHN AND JANE DOES 1-10; BLACK ENTITIES)
1-10, )
)
Defendants. )

* * * * * * * * * * * * * * * * * * *

IN PERSON DEPOSITION OF
Aaron Wostrel
Monday, June 16, 2025

THE REPORTER: We are now on the record. The time is 9:39 a.m. Central Standard Time. Today's date is Monday, June 16th [sic], 2025. We're here to take the deposition of the Aaron Wostrel in the case of Aaron Wostrel, et al., v. State of Arizona, et al.

My name is Khadijah Holloway. I'm a notary public and digital reporter for Esquire Deposition Solutions in the state of Texas. I will be capturing the verbatim record of today's proceeding using electronic audio equipment, a computer, and specialized recording software, which is not a form of stenography.

The witness is presently located in Dallas, Texas, and has confirmed his identity with a driver's license issued by Texas Department of Motor Vehicles.

Will all Counsel in attendance, please identify yourselves for the record and state who you represent.

MR. CONNELLY: Thomas Connelly here, representing Plaintiffs and Aaron Wostrel.

And it's the 16th today. I think you said the 15th. It's June 16th.

THE REPORTER: June 16th. Got it.

MR. METZGER: Yes. Thanks for catching that, Tom.

And my name is Nathan Metzger. I represent

Lays, she still refused to do anything because she had a narrative in her head.

She wanted to protect herself and she wanted to -- to simply harm me. I -- I'm pretty sure that she just wanted to harm me.

Q. Outside of court and e-mails, did you ever have any personal interactions with Ms. Platter?

A. Nope. I never did.

Q. Never had any conversations with her over the phone or in person?

A. I may have. I -- I don't recall.

Q. And I just want you to testify to your recollection on that aspect.

A. I just -- I -- I have no recollection of that. That's been over five years.

Q. Okay. And do you have any personal knowledge of Ms. Potter directing DCS' actions in this case?

A. No. I just remember she was the one that was entering absolutely false information that any reasonable person would know was false, if I remember correctly. She was the attorney for the Department, if I remember correctly.

Q. And you're referring to her action with the Court, correct?

A. With the Court --

MR. CONNELLY: Form and foundation.

THE WITNESS: -- with the Court, and her conduct with me and everybody around. She was just an objectionable person.

BY MR. O'CONNOR:

Q. And when you say her conduct with you, what do you mean?

A. She was just an objectionable -- objectionable person.

Q. Okay. And -- but you mean, like during the dependency proceedings, right? Because you said you had -- didn't have any other interactions with her?

A. She was objectionable in everything.

Q. Okay. But when you say "everything," you're talking about the dependency proceeding?

A. I assume dependency proceeding included every single meeting, every single status conference, every single review board. Anything that she participated in, she was an objectionable party.

Q. Could you define "objectionable" for me? Just elaborate on that adjective you keep using?

A. She offered no positive value to the conversation. How's that?

Q. Okay. Do you have any personal knowledge of Ms. Platter directing any of Obika's actions in the

MR. NIEDERBAUMER: Yes, please. We'd like the e-tran and the PDF copy as well.

THE REPORTER: Thank you so much.

We are officially off the record, hearing no objections. The time is 7:35 p.m. Central Standard Time, and today's date is June 16th, 2025.

(Thereupon, the proceedings were adjourned at 7:35 p.m.)