# EXHIBIT 5

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Aaron Wostrel, et al., )
)
Plaintiffs, )
)
vs. ) Case No.
) 2:22-cv-00312-PHX-DLR
State of Arizona, et al., )
)
)
Defendants. )
______________________________)

DEPOSITION OF JASON KEITH

Phoenix, Arizona
April 21, 2026
9:56 a.m.

Reported by:
AMANDA N. HARWELL, RPR, CRR
AZ CR No. 50967

CARRIE REPORTING, LLC
Certified Reporters
7000 North 16th Street
Suite 120, #520
Phoenix, Arizona 85020
(480) 429-7573

* * *

JASON KEITH,

a witness herein, having been first duly sworn by the Certified Reporter to speak the truth and nothing but the truth, was examined and testified as follows:

EXAMINATION

BY MR. CONNELLY:

Q. Please state your full name for the record.
A. Jason Keith.
Q. And common spellings on both of those; right?
A. Yes. Last name is K-e-i-t-h.
Q. All right. How old are you, Mr. Keith?
A. Forty-nine.
Q. Are you married?
A. Yes.
Q. Do you have children?
A. One adopted son.
Q. How old is your son?
A. He will be 20 on Saturday.
Q. Very good. Have you ever been deposed before?
A. Yes.
Q. Okay. So kind of familiar with the -- the routine. If you need a break just let me know --

MS. ELLIOTT: Form. Foundation.
MR. O'CONNOR: Join.
MR. GRUSE: Join.
BY MR. CONNELLY:
Q. Do you know enough about what happened in the case to make that determination?
A. I don't, no.
Q. We'll see that you became involved in the case or you had some awareness of it. I'm wondering if you have any recollection of Ms. Platter being unusually active in the case outside of her role as an Assistant Attorney General?
MS. ELLIOTT: Form. Foundation.
MR. O'CONNOR: Join.
MR. GRUSE: Join.
THE WITNESS: No.
BY MR. CONNELLY:
Q. So you can't testify one way or the other about whether or not Ms. Platter exercised influence over placement or visitation or dismissal determinations; right?
MS. ELLIOTT: Form. Foundation.
MR. O'CONNOR: Join.
THE WITNESS: Correct.
BY MR. CONNELLY:

Q. Did Bryan Adams or Nicholas Long or Joelle Higby ever come to you and say that Mr. Obika is not performing his duties as a case manager in this case?
A. No, not that I can recall.
Q. Did Mr. Obika ever come to you and say "I can't -- this isn't a case that I can properly manage"?
A. No.
Q. Did anyone ever come to you and say that Ms. Platter is trying to run this case that you can recall?
A. No, not that I can recall.
Q. So back to, like, the life stages of a case.
Do you agree with me that the Department policy favors -- requires consideration of a parent as placement if that parent is available and a minimally adequate parent?
MS. ELLIOTT: Form.
THE WITNESS: Yes.
BY MR. CONNELLY:
Q. Do you agree with me that all efforts should be made promptly to investigate whether a parent who comes forward and says "I'm available, and I want my children placed with me", that effort should be made to place the children with that parent unless there is some impediment, such as a criminal conviction, or a prior history with the Department that would suggest

anything else.

MS. ELLIOTT: We'll read and sign.

MR. GRUSE: I have no further questions.

MR. O'CONNOR: No questions.

(Discussions held off the record.)

MS. COURT REPORTER: Any transcript orders?

MR. GRUSE: PDF.

MS. ELLIOTT: E-trans.

MR. O'CONNOR: E-trans for me. Thank you.

MR. CONNELLY: Same.

(Off the record at 1:42 p.m.)

___________________________

JASON KEITH