# Exhibit 26

No. 1 CA-JV 17-0384
ARIZONA COURT OF APPEALS DIVISION ONE

# Aaron W. v. Dep't of Child Safety

Decided Jan 30, 2018

No. 1 CA-JV 17-0384

01-30-2018

AARON W., Appellant, v. DEPARTMENT OF CHILD SAFETY, S.W., B.W., C.W., Appellee.

COUNSEL John L. Popilek, P.C., Scottsdale By John L. Popilek Counsel for Appellant The Stavris Law Firm, PLLC, Scottsdale By Alison Stavris Counsel for Appellee Children Arizona Attorney General's Office, Phoenix By JoAnn Falgout Counsel for Appellee Department of Child Safety

McMURDIE, Judge

NOTICE: NOT FOR OFFICIAL PUBLICATION. UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE. Appeal from the Superior Court in Maricopa County
No. JD33765
The Honorable Alison Bachus, Judge

## REVERSED AND REMANDED

COUNSEL John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant* The Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellee Children* Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee Department of Child Safety*

2 *2

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Jennifer B. Campbell joined. **McMURDIE**, Judge:

**¶1** Aaron W. ("Father") appeals the superior court's order adjudicating his children S.W., B.W., and C.W. ("the Children") dependent pursuant to Arizona Revised Statutes ("A.R.S.") section 8-201(15). For the following reasons, we reverse and remand to the superior court for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND [1]

[1] "On review of an adjudication of dependency, we view the evidence in the light most favorable to sustaining the juvenile court's findings." *Willie G. v. ADES*, 211 Ariz. 231, 235, ¶ 21 (App. 2005).

**¶2** Father and Sheila L. ("Mother") are the biological parents of B.W. and C.W, twins born in 2011.[2] Although Father is not the biological parent of S.W., born in 2007, he provided an acknowledgment of paternity which was recognized by the court as establishing Father as a legal parent. *See Gutierrez v. Fox*, 242 Ariz. 259, 270, ¶ 45 (App. 2017). Mother and Father were never married. A Wyoming custody order filed in May 2015 awarded Mother "primary physical custody and sole legal custody" of the Children, with Father having a limited visitation schedule. Mother later moved to Arizona with the Children

and did not provide notice of the move to Father, although he became aware of the move shortly thereafter.

[2] Mother is not a party to this appeal.

**¶3** The Department of Child Safety ("DCS") assumed temporary physical custody of the Children in January 2017, after Peoria Police executed a search warrant at Mother's home and found drug paraphernalia and loaded guns within reach of the Children. Father lives in Colorado, and had not seen the Children since December 2015. DCS filed a dependency petition in February 2017 concerning both parents, alleging
3 the Children *3 dependent regarding Father due to abandonment and failure to provide basic necessities.

**¶4** In May 2017, DCS moved to dismiss the dependency petition against Father. However, the guardian ad litem ("GAL") objected to DCS's motion. At a hearing on the issue in May 2017, the superior court allowed the GAL to amend the petition and substitute for DCS as the petitioner.[3] The GAL subsequently filed an amended dependency petition alleging the Children dependent regarding Father due to abandonment, neglect by failing to protect the Children from Mother's substance abuse and domestic violence, and emotional abuse towards S.W. Emotional abuse was not alleged towards B.W. or C.W.

[3] DCS's motion also contained a request for a UCCJEA conference, recognizing that Wyoming was the home state of the Children. At the hearing on May 26, 2017, the superior court advised that it had consulted with the Honorable Catherine Rogers of the First Judicial District Court of Laramie County in Wyoming, whom advised that Wyoming would relinquish jurisdiction to Arizona.

**¶5** A contested dependency hearing was held on August 2, 2017, after which the superior court found the GAL had proven the grounds of failure to protect and risk of emotional abuse by a preponderance of the evidence. Father timely appealed and we have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), and 12-2101(A)(1).

## DISCUSSION

**¶6** Father argues: (1) the GAL failed to prove dependency as to Father by a preponderance of the evidence; (2) the superior court erred by refusing to permit Father to call Mother as a witness; and (3) the superior court abused its discretion by allowing the GAL to introduce evidence regarding Father's previous interactions with the Wyoming Department of Family Services.

**¶7** While we reverse the dependency judgment for a violation of procedural due process, we nonetheless address the challenges to the sufficiency of the evidence presented. We proceed in this manner because if the evidence was insufficient to support the dependency finding, we would order the matter dismissed, rather than remanded for further proceedings. *See Brenda D. v. DCS*, 242 Ariz. 150, 158, ¶ 29 (App. 2017), *review granted* (Oct. 10, 2017) (remanding
4 severance adjudication for failure *4 to comply with due process); *Jordan C. v. ADES*, 223 Ariz. 86, 98-99, ¶ 37 (App. 2009) (reversing severance adjudication for insufficient evidence). Our finding that sufficient evidence supported the court's dependency finding does not reduce the GAL's burden to prove the allegations. On remand, the dependency hearing should begin anew.

### A. The Evidence in the Record Supported a Dependency Finding.

**¶8** This court reviews a dependency order for a clear abuse of discretion, *Louis C. v. DCS*, 237 Ariz. 484, 488, ¶ 12 (App. 2015), and does not reverse a dependency finding unless no reasonable evidence supports that finding. *Willie G.*, 211 Ariz. at 235, ¶ 21.

**¶9** In a dependency adjudication, the petitioner must prove by a preponderance of the evidence one of the grounds found in A.R.S. § 8-201(15)(a). The grounds for the dependency as found here include neglect for failure to protect the Children and emotional abuse. Neglect includes an inability or unwillingness of a parent to provide a child with supervision causing an unreasonable risk of harm to the child's health or welfare. A.R.S. § 8-201(25)(a). Emotional abuse is "evidenced by severe anxiety, depression, withdrawal or untoward aggressive behavior and . . . is diagnosed by a medical doctor or psychologist." A.R.S. § 8-201(2). "The primary consideration in a dependency case is always the best interest of the child." *ADES v. Superior Court (Baby Boy T, I)*, 178 Ariz. 236, 239 (App. 1994).

**¶10** Father argues that because Mother moved to Arizona with the Children and Father lives in Colorado, he neither knew Mother was abusing drugs, nor did the GAL present any evidence Father should have reasonably known about Mother's neglect of the Children. This contention is in direct contradiction with Father's testimony at trial. During the hearing, Father was asked if he was "aware that [Mother] had a substance abuse problem," to which he responded, "Yes." Father described Mother's behavior while under the influence as "extremely violent, lashing out to everybody around her, causing physical harm to people and possessions of everyone," and admitted this behavior took place around the Children. This
5 *5 evidence supported a finding that Father knew or should have known about Mother's neglect of the Children.[4]

[4] Father mistakenly cites *Shella H. v. DCS*, 239 Ariz. 47, 48, ¶ 1 (App. 2016), arguing the superior court can only "consider the circumstances as they exist at the time of the dependency adjudication hearing in determining whether a child is a dependent child," and therefore any risk to the Children is resolved now that DCS has assumed temporary physical custody. While this quoted language, out of context, may seem to support his argument, it ignores the entirety of the holding, which goes on to state that the neglect giving rise to a dependency action "need not be continuous or actively occurring at the time of the adjudication hearing to support a finding of dependency . . . the substantiated and unresolved threat is sufficient." *Id.* at 51, ¶ 16. Therefore, because DCS's custody of the children is temporary, until either family reunification is available or the parents' rights are fully severed, the superior court did not err by finding the threat of neglect unresolved.

**¶11** Father also contends the GAL failed to present any evidence that Father did not take reasonable steps to protect the Children from Mother's neglect. In support, Father cites his geographic distance from the Children and an alleged call to the local police department for a welfare check. Even assuming the superior court found Father's testimony regarding a call to the Peoria Police Department credible, it was not an abuse of discretion to consider this effort by Father insufficient. Despite his admitted knowledge of Mother's potentially dangerous behavior and substance abuse problem, Father did not visit the Children from December 2015 until January 2017, after DCS assumed temporary physical custody. Furthermore, despite Mother moving to Arizona with the Children, Father took no steps to obtain custody of the Children or modify any court orders, including visitation, related to the Children. Such efforts are not dependent on the distance Father may have had geographically from the Children. The superior court found "Father did not even attempt to try here in Arizona, and that is a concern. If he was so concerned about the children, then the court finds that a more prudent path would have been to come and exercise court jurisdiction." We agree, and hold reasonable evidence supported the superior court's finding of dependency concerning Father on this ground. *See Willie G.*, 211 Ariz. at 235, ¶ 21.

**¶12** Additionally, Father argues there was insufficient evidence to support the ground of emotional abuse. We agree. The superior court found sufficient evidence of emotional abuse
6 existed because the DCS child safety *6 specialist testified that "she had discussed with various providers, with supervisors at the Department of Child Safety, and with the child psychologist regarding this very issue, and that they had all opined that there was serious emotional abuse concerns about that possibility." However, emotional abuse under § 8-201(2) must be "diagnosed by a medical doctor or psychologist." A.R.S. § 8-201(2). While the child safety specialist testified about "concerns" she had with Father's behavior and stated she had discussed the issue with the Children's therapist and a DCS staff psychologist, no evidence was presented from either a medical doctor or a psychologist which would support a diagnosis of emotional abuse. Nor did the child safety specialist testify to any specific findings or diagnosis given by the staff psychologist which would track the statutory definition under § 8-201(2). Concluding there was a "concern" about emotional abuse is insufficient evidence under the statute.[5]

[5] As noted above, because we find the evidence supported at least one of the grounds found by the superior court in the dependency order, we remand for proceedings consistent with this decision instead of dismissing the petition. *See Brenda D.*, 242 Ariz. at 158, ¶ 29 (remanding severance adjudication for failure to comply with due process). On remand, the GAL may attempt to cure the lack of evidence on this issue.

## B. The Superior Court Erred by Allowing Mother to Leave the Courtroom Without Giving Father the Opportunity to Call Her as a Witness.

**¶13** Father claims the superior court erred by refusing to permit him to call Mother as a witness at the dependency hearing when she was present in the courtroom. We agree.

**¶14** Before Father's contested dependency hearing, the superior court conducted a report and review hearing regarding both parents. Mother appeared at the report and review hearing with her attorney. Afterwards, the court excused Mother because she was not a party to Father's dependency hearing. Father then stated he wished to call Mother as a witness. Father had not sought a subpoena to compel Mother's attendance at the hearing, and had not listed her as a witness on his initial disclosure statement. The GAL had listed Mother as a witness on her initial disclosure statement, but indicated at the hearing that she would not call Mother. The court advised Mother she was free to either leave or testify at her discretion. Mother subsequently decided to leave,
7 and did not testify. *7

**¶15** A contested dependency proceeding "shall be as informal as the requirements of due process and fairness permit and shall generally proceed in a manner similar to the trial of a civil action before the court without a jury." Ariz. R.P. Juv. Ct. 55(D); *see also* Ariz. R.P. Juv. Ct. 48(D) (service is generally conducted in the manner provided for in the Arizona Rules of Civil Procedure). A parent in a dependency case has the "right to use the process of the court to compel the attendance of witnesses." Ariz. R.P. Juv. Ct. 52(C)(4)(d). "A subpoena is the medium for compelling the attendance of a witness." *Ingalls v. Superior Court (The Estes Co.)*, 117 Ariz. 448, 450 (App. 1977). Arizona Rule of Civil Procedure 45 allows for the court to issue subpoenas commanding the attendance of witnesses. Ariz. R. Civ. P. 45(b)(5) ("[A] person who is properly served with a subpoena must attend and testify at the date, time, and place specified in the subpoena.").

**¶16** Father argues the superior court erred by not allowing him to call Mother as a witness when she was already present at the hearing.[6] In Arizona, the general rule is that "the witness whom a party desires to examine must be subpoenaed by that

party in order to preserve the record based upon inability to examine the potential witness whom he desires to examine." *Emp'rs Mut. Liab. Ins. Co. of Wisc. v. Indus. Comm'n of Ariz.*, 15 Ariz. App. 590, 593 (1971). However, the general rule applies when the potential witness has not appeared. "The purpose of a subpoena is to obtain the presence of a witness at the hearing. Once that witness is present, barring any sort of privilege . . . either party may call [the witness] to testify." *Gordon v. Indus. Comm'n of Ariz.*, 23 Ariz. App. 457, 459 (1975); *Garcia v. Indus. Comm'n of Ariz.*, 20 Ariz. App. 243, 246 (1973) (nothing prevents a party from calling a witness who is present from testifying); *cf. Pima Cmty. Coll. v. Indus. Comm'n of Ariz.*, 137 Ariz. 137, 142-43 (App. 1983) (non-subpoenaed witness may be precluded if witness
8 was a "surprise"). *8

[6] Citing Arizona Rule of Procedure for the Juvenile Court 48(C), Father argues Mother was required to attend Father's dependency hearing because the rule required the parent to be notified by the court that "failure to appear, without good cause shown, may result in a finding that the parent . . . has waived legal rights and is deemed to have admitted the allegations in the petition." We interpret this rule to apply to each parent on an individual basis, as it has never been read to require one parent's attendance at all court hearings of the other parent. *See State v. Estrada*, 201 Ariz. 247, 251, ¶ 16 (2001) ("[W]e interpret and apply statutory language in a way that will avoid an untenable or irrational result.").

**¶17** The superior court erred by allowing Mother to leave once Father alerted the court that he wanted to call her as a witness. The GAL was on notice that Mother may be a witness as the GAL had listed Mother as a potential witness. The court should have secured Mother's testimony, even if that required that she be called out of order. As Mother's testimony is related to the issues involved in this matter, we cannot say that the error was harmless. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 18 (2005); *Monica C. v. ADES*, 211 Ariz. 89, 94, ¶ 22 (App. 2005) (harmless error applies in juvenile proceedings). We remand for a new dependency adjudication. **C. The Superior Court Did Not Abuse its Discretion by Admitting Testimony Related to Father's Past Interactions with Wyoming's Department of Family Services.**[7]

[7] Because the issue may arise on remand, we address the substance of Father's contention.

**¶18** Father contends the superior court abused its discretion by admitting evidence regarding Father's prior history with the Wyoming Department of Family Services. Specifically, Father argues his testimony related to his interactions with the Wyoming Department of Family Services was not relevant.[8]

[8] The superior court did not admit the Wyoming Department of Family Services report into evidence, sustaining Father's objection to its admission based on authentication. However, Father's briefing repeatedly refers to the report as being improperly introduced into evidence. Because the report itself was not admitted as evidence and therefore not considered by the superior court, we decline to address Father's arguments regarding the Wyoming Department of Family Services report. We do address Father's objection to the relevance of his testimony regarding his prior interactions with the Wyoming Department of Family Services. --------

**¶19** During a juvenile proceeding, the admissibility of evidence is governed by the Arizona Rules of Evidence. Ariz. R.P. Juv. Ct. 45(A). Under the rules of evidence, relevant evidence is admissible unless it is otherwise precluded by the federal or state constitution, or an applicable statute or rule. Ariz. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact of consequence "more or less probable than

it would be without the evidence." Ariz. R. Evid. 401. We review the admissibility of evidence for an abuse of discretion. *State v. Fillmore*, 187 Ariz.
9 174, 179 (App. 1996). *9

**¶20** During Father's testimony, he was asked about his prior history with Wyoming Child Protective Services and their involvement with Father on two separate occasions. Father testified that in 2009, Wyoming Child Protective Services investigated the mother of one of his other children not subject to this action, and found no wrongdoing. Father also testified that in 2013, the Children contacted Wyoming Child Protective Services after Mother attacked Father in front of the Children. Father objected during his testimony to the relevance of these incidents and the superior court overruled those objections.

**¶21** We conclude the superior court properly allowed Father's statements. The petition alleged Father neglected the Children by failing to protect them from Mother's substance abuse and domestic violence. Evidence regarding Father's past behavior after incidents of domestic violence or abuse is directly relevant to such an allegation. Father's actions, or inaction, after previous incidents of domestic violence with Mother, whether they took place in Wyoming or any other state, was relevant to what the petitioner was required to present to prove the allegation in the petition.

## CONCLUSION

**¶22** For the foregoing reasons, we reverse and remand for further proceedings consistent with this decision.