Thomas A. Connelly (AZ Bar #019430)
Robert T. Mills (AZ Bar #018853)
Sean A. Woods (AZ Bar #028930)
**MILLS + WOODS LAW PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com

DeeAn Gillespie Strub (AZ Bar #009987)
Jenny D. Jansch (AZ Bar #024431)
**GILLESPIE, SHIELDS & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
mailroom@gillaw.com
*Attorneys for Plaintiffs*

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014-2555
480.999.4556

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Aaron Wostrel, *et al.*,<br>Plaintiffs<br>v.<br>State of Arizona, *et al.*,<br>Defendants. | Case No.: CV-22-00312-PHX-DLR<br><br>**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS WALTER AND JODI LAY'S UNTIMELY RULE 702 JOINDER**<br><br>(Hon. Douglas L. Rayes) |

Defendants Walter and Jodi Lay (the "Lays") filed their joinder in State Defendants' Rule 702 Motion to Exclude Plaintiffs' Expert Timothy Turner (Doc. 228) on November 5, 2026 — fourteen days after the court-ordered deadline for Rule 702 motions had passed. The Lays sought no extension of the deadline, offered no explanation for the delay, and obtained no leave of court before filing. Their joinder should be stricken.

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

## I. BACKGROUND

### A. The Court's Scheduling Orders

On September 24, 2026, this Court entered an Order granting the parties' stipulated motion to extend deadlines for dispositive motions and Rule 702 motions. That Order set October 19, 2026, as the new deadline for filing all such motions. (Doc. 206.)

On October 21, 2026, one day before the extended deadline, this Court entered a second Order granting a further brief extension of that deadline. The Court ordered that the deadline for filing dispositive motions and Rule 702 motions be amended from October 19, 2026, to October 22, 2026, and expressly stated that all remaining provisions of the prior scheduling order would remain unchanged and in full effect. (Doc. 212.)

### B. The Lays' Untimely Filing

The State Defendants timely filed their Rule 702 Motion to Exclude Plaintiffs' Expert Timothy Turner on October 21, 2026, within the court-ordered deadline. (Doc. 214.) Defendant Bonnie Platter timely filed her joinder in that motion on October 22, 2026, the last day permitted under the Court's scheduling order. (Doc. 222.)

The Lays did nothing.

Fourteen days after the deadline had passed, on November 5, 2026, the Lays filed a one-page document styled as a joinder in the State Defendants' Rule 702 motion, purporting to "adopt it as if it were fully laid out herein." (Doc. 228.) The Lays did not file a motion for leave to file out of time. They did not seek a further extension of the scheduling order deadline. They did not offer any explanation whatsoever for missing the deadline by two full weeks.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified only for good cause and with the judge's consent. The good cause standard "primarily considers the diligence of the party seeking the amendment." A party that fails

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

to act diligently cannot establish good cause, and the absence of any attempt to seek leave, let alone any showing of diligence, is fatal to relief from a missed scheduling deadline.

LRCiv 7.2(m) of the Local Rules of Civil Procedure for the District of Arizona, authorizes motions to strike filings that do not conform to applicable rules or court orders, and it supports the relief requested here. The substance of this motion rests on Fed. R. Civ. P. 16(b)(4) and the Court's inherent authority to enforce its own orders.

## III. ARGUMENT

### A. The Lays' Joinder Is a Rule 702 Motion Subject to the Court's Deadline

The Lays styled their filing as a "joinder," but its substance controls over its label. A filing that expressly "join[s] in State Defendants' Rule 702 Motion" and "adopt[s] it as if it were fully laid out herein" (Doc. 228) is not a procedural housekeeping matter — it is a request for substantive relief under Federal Rule of Evidence 702: the exclusion of Plaintiffs' expert witness Timothy Turner. A party cannot circumvent a court-ordered filing deadline simply by calling its motion something else. The Lays' joinder asks this Court to exclude an expert witness. That is a Rule 702 motion. The deadline for Rule 702 motions was October 22, 2026.

### B. The Filing Is Fourteen Days Untimely Without Excuse

The Lays missed the October 22, 2026, deadline by fourteen days. They filed no motion for extension. They offered no explanation, no showing of good cause, and no claim of excusable neglect. The contrast with their co-defendants is stark: the State Defendants filed on time (Doc. 214); Defendant Platter filed a timely joinder on the last day permitted (Doc. 222). The Lays were on notice of the deadline, the same deadline applied to all defendants, and simply chose not to act.

Under Rule 16(b)(4), modification of a scheduling order deadline requires good cause and judicial consent. The Lays sought neither. Courts in the Ninth Circuit routinely strike or disregard untimely filings where no good cause has been shown and no leave was

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

sought. Permitting the Lays' joinder to stand would render the Court's scheduling order meaningless and reward a party's disregard for it.

**C. <u>Plaintiffs Are Prejudiced by the Untimely Filing</u>**

The other parties timely file motions for summary judgment in accordance with the Court's briefing schedule. The Lays did not file one. The other defendants filed their Rule 702 motion and joinder in accordance with that briefing schedule. The Lays did not. Allowing the Lays to pile on fourteen days after the deadline, without explanation and without leave, expands the procedural landscape of this litigation in a manner Plaintiffs could not have anticipated and that the Court never authorized. The proper remedy is to strike the filing, not to reward the noncompliance by requiring Plaintiffs to respond to it.

## IV. <u>CONCLUSION</u>

Defendants Walter and Jodi Lay filed their Rule 702 joinder fourteen days after the court-ordered deadline, without seeking leave, without offering good cause, and without any explanation for the delay. The filing is untimely, it violates this Court's scheduling orders (Docs. 206 and 212), and it should be stricken.

For the foregoing reasons, Plaintiffs respectfully request that this Court grant this Motion and strike Defendants Walter and Jodi Lay's Joinder in State Defendants' Rule 702 Motion to Exclude Plaintiffs' Expert Timothy Turner (Doc. 228).

**RESPECTFULLY SUBMITTED** this 11th day of November 2026.

**MILLS + WOODS LAW, PLLC**

By <u>*s/ Thomas A. Connelly*</u>
Thomas A. Connelly
Robert T. Mills
Sean A. Woods
5055 North 12th Street, Suite 101
Phoenix, AZ 85014

**GILLESPIE, SHIELDS & TAYLOR**
DeeAn Gillespie Strub
7319 North 16th Street

Phoenix, Arizona 85020
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2026, I electronically transmitted the foregoing document to be filed electronically with the Clerk's Office through the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to be served on all counsel of record via the Court's CM/ECF system.

*/s/ Thomas A. Connelly*

Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556