GRASSO
LAW FIRM
3075 West Ray Road, Suite 110
Chandler, Arizona 85226
(480) 739-1200

Nathan T. Metzger, Bar No. 017378
Karl J. Gruse, Bar No. 020170
nmetzger@grassolawfirm.com
kgruse@grassolawfirm.com
minuteentries@grassolawfirm.com
*Attorneys for Defendants Walter and Jodi Lay*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Aaron Wostrel, an individual; S.W., a minor, through her parent and guardian Arron Wostrel; B.W., a minor, through her parent and guardian Aaron Wostrel, and C.W., a minor, through her parent and guardian Aaron Wostrel,<br><br>Plaintiff,<br><br>vs.<br><br>State of Arizona, a governmental entity; Arizona Department of Child Safety, a governmental entity; Michael Faust, as Director, Arizona Department of Child Safety; Amber Gattie, individually and as an employee of the Arizona Department of Child Safety, and John Doe Gattie, her spouse; Emelinda Diaz, individually and as an employee of the Arizona Department of Child Safety, and John Doe Diaz, her spouse; Cheryl Kelly, individually and as an employee of the Arizona Department of Child Safety, and John Doe Kelly, her spouse; Paulinus Obika, individually and as an employee of the Arizona Department of Child Safety, and Jane Doe Obika, his spouse; Nicholas Long, individually and as an employee of the Arizona Department of Child Safety, and Jane Doe Long, his spouse; Jennifer Alexander, individually and as an employee of the Arizona Department of Child Safety, and John Doe Alexander, her spouse; Nicole Kaplan, | Case No. 2:22-cv-00312-DLR<br><br>**DEFENDANTS WALTER AND JODI LAY'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS WALTER AND JODI LAY'S RULE 702 JOINDER**<br><br>(Assigned to the Honorable Douglas L. Rayes) |

individually and as an employee of the Arizona Department of Child Safety, and John Kaplan, her spouse; Bryan Adams, individually and as an employee of the Arizona Department of Child Safety, and Jane Doe Adams, his spouse; Kirsten Wright, individually and John Doe Wright, her spouse; Chelsea Herzaft, individually and as an employee of the State of Arizona, and John Doe Herzaft, her spouse; Danielle Fisher, individually and as an agent of the Arizona Department of Child Safety, and John Doe Fisher, her spouse; Gregory McKay, as former Director, Arizona Department of Child Safety; Bonnier Platter, individually and as an employee of the State of Arizona, and John Doe Platter, her spouse; Walter Lay and Jodi Lay, a married couple; John and Jane Does 1-10; Black Entities 1-10,

Defendants.

Defendants Walter and Jodi Lay (hereinafter "Defendants"), by and through undersigned counsel, hereby submit their Response to Plaintiffs' Motion to Strike Defendants Walter and Jodi Lay's Rule 702 Joinder.

Plaintiffs' motion is much ado about nothing. The Federal Rules of Civil Procedure and the Local Rules of Civil Procedure are silent with respect to the date that a party's joinder must be filed, as are the Scheduling Orders in this matter governing Rule 702 motions. [Doc. 39, 94, 126, 206, 212]. Further, even assuming that Defendants' joinder was filed in a fashion, Plaintiffs are in no way prejudiced by Defendants' joinder because the joinder does not raise any new legal theories or other arguments that Plaintiffs must address in their response to the State Defendants' motion. Finally, even if Plaintiffs feel that as a consequence of Defendants' joinder, they have to address additional issues, Plaintiffs have more than adequate time to incorporate those additional issues into their response because the amount of time under the Scheduling Order for Plaintiffs to issue their response is even greater than the standard fourteen (14) days allowed under the Local

Rules of Civil Procedure.

Plaintiffs' motion to strike should be denied.

## I. Background

Since this matter's removal to Federal Court, the original Scheduling Order has been modified no fewer than ten times. [Docs. 1, 39, 94, 126, 136, 140, 153, 167, 190, 195, 206, 212]. In each instance, there was good cause to amend the deadlines for the pertinent activities. However, reviewing the original Scheduling Order and its amendments, it is clear that ***none*** of them identifies a date by which a party's joinder to any motion must be filed. [Docs. 39, 94, 126, 136, 140, 153, 167, 190, 195, 206, 212].

The date that is most relevant to the issue before this Court is December 15, 2026, which by the parties' stipulation and this Court's order, is the date for Plaintiffs' Response to the State Defendants' Rule 702 Motion to Exclude Plaintiffs' Expert Timothy Turner. [Docs. 204, 214].

## II. Relevant Law

Defendants have been unable to identify Federal case law addressing a standard deadline for a party to join in another party's motion. Since there is no deadline in this case for joining any motion, Defendants did not miss the date for doing so. However, if there was such a deadline, Plaintiffs' Motion to Strike would still need to show that it meets the Fed. R. Civ. P. 16(b)(4) good cause equity test which examines: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010); *Bennett v. City of Kingman*, 543 F. Supp. 3d 794, 803 (D. Ariz. 2021).

## III. Argument

When the matters to be considered are scrutinized, it is clear that Defendants

prevail on all four factors and that Plaintiff's motion should be denied.

### A. Plaintiffs Are In No Way Prejudiced By Defendants' Joinder

First, despite Plaintiffs' performative prostrations, Defendants' Joinder does not prejudice Plaintiff in any way. Under the operative Order, the deadline for Plaintiffs' response to the underlying motion is December 15, 2026. [Doc. 206]. That date is certainly far enough in the future (***40 days from the date of the joinder***) to allow Plaintiffs time to incorporate any arguments applicable to Defendants into their response, if necessary. In reality though, Plaintiffs will not require any additional time because Defendants' joinder does not add any arguments to the State Defendants' motion. [Doc. 228]. Defendant's entire joinder consists of a single sentence:

> Defendants Walter and Jodi Lay (hereinafter "Lays"), hereby join in State Defendants' Rule 702 Motion to Exclude Plaintiffs' Expert Timothy Turner (Doc. 214), and adopt it as if it were fully laid out herein.

[Doc. 228]

Clearly, Plaintiffs' counsel will not have to modify his argument based on anything that Defendants included in their joinder.

### B. Any Delay Has Zero Impact On The Proceedings

Although not technically a "delay" since there is no formal date upon which a Joinder must be filed, the fourteen days in between the date that State Defendants' motion was filed and Defendants' Joinder in that motion was filed will have absolutely zero impact on the proceedings. As noted above, Defendants' joinder does not assert any new arguments that will require additional time for Plaintiffs' counsel to rewrite, investigate, or conduct additional discovery to address. In fact, even if Defendants' motion does require additional time, the time between when Defendants' Joinder was filed (November 5, 2026) and the date that Plaintiffs' Response to the State Defendants' motion is due (December 15, 2006) is forty (40) days, ***more than double*** the standard fourteen (14) days

that LRCiv. 7.2 (c) prescribes for a response to a typical motion. If Plaintiffs can prepare their Response in fourteen days under normal circumstances, it should be no problem at all to submit their Response in forty days.

### C. Any Delay In Defendants' Filing A Joinder Is Reasonable And Defendants' Counsel Acted In Good Faith

Defendants jointly address the final two factors under Fed. R. Civ. P. 16(b)(4)'s four-factor good cause test because the reason for any alleged "delay" in filing Defendants' joinder and the reason Defendants' counsel acted in good faith is the same. Specifically, there was no deadline for joining in a motion. Federal Rules of Civil Procedure do not identify a deadline for joining in a motion. The Local Rules of Civil Procedure do not set forth a deadline for joining in a motion, and the ten (10) Scheduling Orders in this matter also ***do not*** address the deadline by which joinders must be filed. Therefore, since the deadline for filing a joinder was nonexistent, there was no reason for Defendants' counsel to undertake any of the ordinary measures one does when one is concerned that they may not meet a deadline, such as asking the parties' counsel for an extension of time or seeking leave of court to file a joinder beyond the established deadline. Absent the existence of a deadline, rule, or law, one cannot be held liable for failing to adhere to it or failing to make a good faith effort to comply with it. Defendants' actions were well within any applicable expectations and standards.

### D. Plaintiffs Ask This Court To Adopt An Impossible Standard

Stepping back from the four-factor equitable analysis, it is also important that Defendants address the hypothetical standard that Plaintiffs suggest. Although they don't expressly say so, the natural conclusion of their argument is that joinders to a motion must be filed by the deadline for filing the motion itself. Obviously, this proposal cannot actually serve as the rule because it does not account for and accommodate circumstances

in which a party filing a motion does not do so until the last minute of the last day of the deadline. In such circumstances, the joining party could ***never*** comply with the rule.

**IV. Conclusion**

Although Plaintiffs fault Defendants for filing their joinder, Plaintiffs cannot cite to a single rule, case, or provision of the Scheduling Order which establishes the deadline by which joinders should be filed. Plaintiffs' argument fails on that basis alone.

Further, even if equitable principles are applied to the facts of this case, Plaintiffs are not prejudiced by Defendants' Joinder. Defendants' Joinder does not assert new arguments or new facts that Plaintiffs will need additional time to address in their Response. Even if Defendants' Joinder (filed on November 5, 2026) did so, under the current Scheduling Order which sets the deadline for Plaintiffs' Response as December 15, 2026, Plaintiffs have more than **double** the fourteen (14) days that are typically afforded to a party when responding to a motion. There are no circumstances in which Defendants' Joinder has prejudiced Plaintiffs.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs' Motion to Strike Defendants Walter and Jodi Lay's Rule 702 Joinder.

DATED this 25th day of November 2026.

**GRASSO LAW FIRM, P.C.**

By /s/ Nathan T. Metzger
Nathan T. Metzger
Karl J. Gruse
3075 West Ray Road, Suite 110
Chandler, Arizona 85226
*Attorneys for Defendants Walter and Jodi Lay*

ORIGINAL electronically transmitted this 25th day of November, 2026 to the Clerk for the U.S. District Court, District of Arizona, by using CM/ECF for filing and electronic copy to:

Thomas A. Connelly, Esq.
**MILLS + WOODS LAW PLLC**
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
tconnelly@millsandwoods.com
*Attorneys for Plaintiffs*

DeeAn Gillespie Strub, Esq.
**GILLESPIE, SHIELDS, & TAYLOR**
7319 North 16th Street
Phoenix, AZ 85020
Dgillespie@gillaw.com
*Attorneys for Plaintiffs*

Michael R. Niederbaumer, Esq.
Stephanie Elliott, Esq.
Assistant Attorneys General
2005 N. Central Avenue
Phoenix, AZ 85004
Michael.Niederbaumer@azag.gov
Stephanie.Elliott@azag.gov
*Attorneys for State Defendants*

Daniel J. O'Connor, Jr. Esq.
Danny O'Connor, III, Esq.
**O'CONNER LAW P.C.**
7955 S. Priest Drive
Tempe, AZ 85284
daniel.oconnor@occlaw.com
danny.oconnor@occlaw.com
*Attorneys for Defendant Bonnie Platter*

By /s/ Tracy Ellison